**SEALED**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CR-20552-DPG

FILED BY_____ *KP* _____D.C.

**Nov 18, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

**v.**

**DAVID RIVERA, and**
**ESTHER NUHFER,**

**FILED *EX PARTE***

    **Defendants.**

---

### UNITED STATES' *EX PARTE* APPLICATION FOR POST-INDICTMENT PROTECTIVE ORDER PURSUANT TO 21 U.S.C. § 853(e), AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to 21 U.S.C. § 853(e), the United States of America (the "United States"), through the undersigned Assistant United States Attorney, respectfully requests the entry of a protective order to restrain and enjoin certain assets in order to preserve their availability for criminal forfeiture.   In support of this *ex parte* application, the United States submits the following factual and legal bases.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.     On November 16, 2022, a federal grand jury returned an Indictment charging Defendants David Rivera and Esther Nuhfer (collectively, the "Defendants") with conspiracy to commit offenses against the United States and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 371 and 1956, and substantive counts of engaging in transactions in criminally derived property and failure to register as a foreign agent, in violation of 18 U.S.C. § 1957 and 22 U.S.C. §§ 612(a) and 618(a)(1), respectively.   *See* Indictment.

2.     The Indictment contained forfeiture allegations, which alleged that upon conviction

of a violation, or conspiracy to commit a violation, of 22 U.S.C. §§ 612 and 618, the Defendants shall to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 31. The Indictment also alleged that upon conviction of a violation of 18 U.S.C. §§ 1956 and/or 1957, the Defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.*

3. The Indictment, in paragraph 4 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to:

(i) A sum of at least $23,750,000.00 in U.S. currency, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment;

(ii) Wells Fargo Securities brokerage account no. 6423-2614, held in the name of ESTHER NUHFER;

(iii) Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

(iv) Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

(v) Real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051; and

(vi) Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

*See id.* at 32.

4. Prior to its deliberations, the grand jury was specifically instructed that, upon a finding of probable cause to support the offenses charged in the Indictment, it should also determine whether there is a probable cause to support that the specific assets listed above are subject to forfeiture as alleged in the Indictment.

5. The grand jury subsequently returned the Indictment.

## II. MEMORANDUM OF LAW

The United States seeks the entry of a protective order to restrain and enjoin the following assets subject to forfeiture (collectively, the "Subject Assets"):[1]

(i) Wells Fargo Securities brokerage account no. 6423-2614, held in the name of ESTHER NUHFER;

(ii) Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

(iii) Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

(iv) Real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051; and

(v) Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

Section 853(e)(1)(A) of Title 21, United States Code, authorizes the Court to restrain, enjoin, or *take any other action*, to preserve the availability of the Subject Assets for criminal forfeiture.   In relevant part, the statute provides:

**(e)  Protective orders**

(1)  Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—

(A)  upon the filing of an indictment or information charging a violation of this subchapter or subchapter II for which criminal forfeiture may be ordered under this section and alleging that the

---

[1] As noted *infra* in Part I paragraph 3, item (i) provided notice that the United States may seek a forfeiture money judgment against the Defendants.   The district court determines the amount of the forfeiture money judgment at sentencing.   *See* Fed. R. Crim. P. 32.2(a), (b)(1)(1).   As this is not specific property, the United States is not seeking its restraint.   In addition, the United States also provided notice in the Indictment that the United States may seek the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).   *See* Indictment, at 32-33.

3

property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

21 U.S.C. § 853(e)(1)(A). In addition, pursuant to 21 U.S.C. § 853(e)(4)(A), the Court is authorized to order a defendant to repatriate any property that may be seized and forfeited, and to deposit that property pending trial with the U.S. Secretary of the Treasury or U.S. Marshals Service. 21 U.S.C. § 853(e)(4)(A). *Accord* 21 U.S.C. § 853(f) (authorizing the Court to issue a warrant to seize property subject to forfeiture). These procedures set forth in 21 U.S.C. § 853 are made applicable to the criminal forfeiture in the instant case by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). *See* 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), (b)(1); 28 U.S.C. § 2461(c).

The Court may enter a protective order to preserve assets based on the grand jury's finding that such property is subject to forfeiture. *See Kaley v. United States,* 571 U.S. 320, 330-33 (2014) (just as it is sufficient to support the issuance of a warrant for the defendant's arrest, the grand jury's finding of probable cause is sufficient to support the restraint of her property). The application and entry of such a protective order may be *ex parte*, without notice or a hearing. *See United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989); 21 U.S.C. § 853(e). Section 853(e)(1)(A) authorizes the restraint of the Subject Assets "[u]pon application of the United States" and "upon the filing of an indictment." 21 U.S.C. § 853(e)(1)(A). *Cf.* 21 U.S.C. § 853(e)(2) (also providing procedures for the restraint of assets prior to indictment without notice or hearing). The Eleventh Circuit has held that "once an indictment has issued, the court may order such restraints *ex parte.* These restraining order provisions do not, on their face, require a hearing either prior to, or after, the imposition of restraints on defendants' assets." *Bissell*, 866 F.2d at 1349 (internal citation omitted).

Although the Court may decide how to preserve the Subject Assets under 21 U.S.C. § 853(e)(1) – deciding whether a restraint, injunction, or some other means is most appropriate –

the Supreme Court has explained that the statute is "plainly aimed at implementing the commands of [the forfeiture statute] and cannot sensibly be construed to give district court discretion to permit the dissipation of the very property that [forfeiture statute] requires be forfeited upon conviction." *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989).   "Whatever discretion Congress gave the district courts in §§ 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: 'to preserve the availability of property . . . for forfeiture.'"   *Id.* at 613. Accordingly, because the grand jury has found probable cause to believe that the Subject Assets are subject to forfeiture upon the conviction of the Defendants, the Court must enter a protective order to preserve the availability of such assets.   *See id.* at 612-13; *Kaley*, 571 U.S. at 330-33.

**WHEREFORE**, the United States respectfully requests, pursuant to 21 U.S.C. § 853(e), that the Court issue a protective order restraining and enjoining the Subject Assets.   A proposed order is attached.

Respectfully submitted,

**JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY**

By:      */s/ Joshua Paster*
Joshua Paster
Assistant United States Attorney
Court ID No. A5502616
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9342
E-mail: Joshua.Paster@usdoj.gov