(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:   $200,000 Personal Surety Bond

CASE NO.:   22-20552-CR-GAYLES

UNITED STATES OF AMERICA:

                Plaintiff,

v.                                                         USM # : 34544-510

David Mauricio Rivera

                Defendant,
_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ $200,000 Personal Surety Bond

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT:    David Mauricio Rivera
CASE NUMBER:  22-20552-CR-GAYLES-1
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender passport and his wife's passport by December 12, 2022.

✓ b. The defendant must submit to supervision by and report for supervision at the US Probation Office.

✓ c. The defendant must cooperate with the collection of DNA.

✓ d. Not to use alcohol. Not to use or unlawfully possess a narcotic drug or other controlled substances, unless lawfully prescribed by a medical licensed medical practitioner.

— e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ f. The defendant must not violate federal state or local law while on release.

✓ g. Continue to seek or actively seek employment.

✓ h. The defendant must advise the court or pretrial services in writing before making any change of residence or telephone.

✓ i. Avoid all contact directly or indirectly with any person who may be a victim or witness in the investigation or prosecution. **Special condition not in effect until a list is provided to the Court and Pretrial Services**.

_ _ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. The defendant must sign the appearance bond.

✓ l. The defendant must appear in court as required, must surrender as directed to serve a sentence that the court may impose.

✓ m.   Report within 72 hours to pretrial service any contact with law enforcement.

✓ n. Not to possess a firearm, destructive device, other weapon, or ammunition, in your home, vehicle or place of employment, or upon your person.

DEFENDANT:     David Mauricio Rivera
CASE NUMBER:   22-20552-CR-GAYLES-1
PAGE THREE

√o. **LOCATION MONITORING PROGRAM:**

√Curfew: Participate in location restriction program with an 8pm to 6am curfew; Monitoring

**OR**

—        Home Detention: You are restricted to your residence at all times except for:
(  ) medical
(  ) substance abuse or mental health treatment
(  ) court appearances
(  ) attorney visits or court ordered obligations
(  ) religious services
(  ) employment
(  ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or  ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
(  ) employment
(  ) education
(  ) religious services
(  ) medical, substance abuse, or mental health treatment
(  ) attorney visits
(  ) court appearances
(  ) court ordered obligations
(  ) reporting to Pretrial Services
(  ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18
— U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: David Mauricio Rivera
CASE NUMBER: 22-20552-CR-GAYLES-1
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

    1.  (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

    2.  (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

    3.  (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

    4.  (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

    5.  (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

    6.  (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

    7.  (   ) The defendant shall not be involved in any children's or youth organizations.

    8.  (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

    9.  (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

√ u. Travel restricted to the Northern District of Georgia, Southern District of Florida, The Middle District of Florida, Southern District of New York for Court appearance and meetings with counsel, and to Washington DC to obtain counsel or co-counsel and or meeting with counsel. Travel plans needs to be reported to PTS 48hrs prior to traveling.

__ v. Comply with the following additional conditions of bond:

DEFENDANT:    David Mauricio Rivera
CASE NUMBER:  22-20552-CR-GAYLES-1
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: David Mauricio Rivera
CASE NUMBER: 22-20552-CR-GAYLES-1
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 22 day of December, 2022 at Atlanta, Florida Georgia

Signed and acknowledged before me:                    DEFENDANT: (Signature)

WITNESS:

Atlanta        Georgia                          Atlanta                Georgia
_____City_____  _____State_____                 _____City_____          _____State_____

### CORPORATE SURETY

Signed this _____ day of _____, 20___ at _____, Florida

SURETY: _____                                   AGENT: (Signature) _____

_____  _____                    PRINT NAME: _____
_____City_____  _____State_____

### INDIVIDUAL SURETIES

Signed this 22 day of December, 2022 at Atlanta, Florida Georgia   Signed this _____ day of _____, 20___ at _____, Florida

SURETY: (Signature)                             SURETY: (Signature) _____

PRINT NAME: Sofia Prysmakova Rivera            PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: Wife                 RELATIONSHIP TO DEFENDANT: _____

Atlanta        Georgia                          _____        _____
_____City_____  _____State_____                 _____City_____          _____State_____

Signed this 22 day of December, 2022 at Atlanta, Florida Georgia   Signed this _____ day of _____, 20___ at _____, Florida

SURETY: (Signature)                             SURETY: (Signature) _____

PRINT NAME: Diana Rivera                        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: Sister               RELATIONSHIP TO DEFENDANT: _____

Atlanta        Georgia                          _____        _____
_____City_____  _____State_____                 _____City_____          _____State_____

### APPROVAL BY THE COURT

Date: Dec 28, 2022

UNITED STATES MAGISTRATE JUDGE
JONATHAN GOODMAN