UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
[MIAMI DIVISION]

UNITED STATES OF AMERICA,   CASE NO. 22-20552-CR-GAYLES/TORRES

    Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

    Defendants.
_____//

JONES WALKER LLP's and MARKUS/MOSS'
JOINT MOTION FOR BRIEFING SCHEDULE
TO LITIGATE PROPRIETY OF *LIS PENDENS* AGAINST
SUBSTITUTE ASSETS IN LIGHT OF
FLORIDA STATE LAW AND *LUIS V. UNITED STATES,* 578 U.S. 5 (2016)

    Edward R. Shohat, Esq., and the law firm, Jones Walker LLP, on behalf of the Defendant David Rivera, and David Oscar Markus, Esq., and Margot Moss, Esq., and the law firm of Markus/Moss, on behalf of Esther Nuhfer, each having made their temporary appearance as counsel for their respective clients, respectfully request a briefing schedule to litigate the propriety of government-filed *lis pendens* against substitute assets and state:

    1. David Rivera has asked Edward R. Shohat and his law firm, Jones Walker LLP, to represent him in this case. Esther Nuhfer has asked David Markus and Margot Moss and their law firm, Markus/Moss, to represent her in this case. Neither law firm will be able to permanently appear in this case unless and until the issues to be raised are resolved.

    2. The Indictment seeks criminal forfeiture pursuant to 18 U.S.C. § 853 of a number of assets, including accounts and property the government says are traceable to the alleged criminal activity, as well as substitute assets which are not traceable and have no direct connection to the

#100988437v1

alleged offenses. The government already has obtained a protective order against the so-called traceable assets and has filed *lis pendens* against the substitute assets. The defendants contend that the recording of the *lis pendens* on assets which have no connection to any offense is improper under the laws of the State of Florida. *Cf.*, *United States v. Coffmann*, 2010 U.S. Dist. LEXIS 108602 (E.D.K.Y. October 7, 2010), *infra.*, ¶ 6. We, therefore, intend to challenge the *lis pendens* against the substitute assets on both federal constitutional and state law grounds as has been done in other federal cases cited to below. The seriousness of the issues we intend to raise on behalf of the Defendants are spelled out herein only for the purpose, at this juncture, of informing the Court of the issues. We seek a briefing schedule so that the parties can fully present the issues to the Court.

3. We will contend that the pretrial restraint of substitute assets using a *lis pendens* is illegal under Florida state law, specifically FS § 48.23, for reasons which will be detailed in our briefing. Equally, we will show that it is unconstitutional under federal law after *Luis v. United States*, 578 U.S. 5 (2016) in which the court held that the pretrial restraint of substitute assets needed to retain counsel violated both the Fifth and Sixth Amendment rights of the accused stating specifically "[w]e have found no decision of this Court authorizing unfettered, pretrial forfeiture of the defendant's own 'innocent' property—property with no connection to the charged crime." *Id.* at 21.

4. *Lis Pendens* are creatures of state law, in Florida FS § 48.23, and, under that law, clearly constitute a serious restraint to the owner's title and the ability to utilize the innocent assets. The term "*lis pendens*" literally translates to "pending lawsuit" and is defined by Florida courts as "the

jurisdiction, power or control which courts acquire over property involved in a pending lawsuit.[1] *Med. Facilties Dev., Inc., v. Little Arch Creek Props., Inc.,* 675 So. 2d 915, at 917 (Fla. 1996). A *lis pendens* "is a cloud on the title that creates a priority for the party that filed the *lis pendens* if that party prevails in the pending litigation. Under Florida law a *lis pendens* functions as 'a harsh and oppressive remedy' that operates as a cloud on the title and prevents an owner from selling or dealing with it." *Suarez v. KMD Constr., Ins.,* 965 So. 2d 184, at 187-188 (Fla. 5th DCA 2007).[2]

    5. By placing *lis pendens* on the substitute assets, the government has made it impossible for Rivera and Nuhfer to use those properties to secure legal counsel which they have a right to do because the government has no present interest in those properties. The Supreme Court as well as other abundant federal authority have made clear that the government cannot tie up substitute (or innocent) property in this way. In fact, as *Luis* explains, 18 U.S.C. § 853 does not authorize the pre-trial restraint of substitute assets. *Luis, supra*.

    6. Federal courts have held specifically that a *lis pendens* against substitute assets is not permitted under § 853 unless permitted under the *lis pendens* laws of the state. *See United States v. Parrett*, 530 F.3d 422, 431 (6th Cir. 2008) ("[W]e have concluded that § 853 does not itself

---

[1] The substitute assets in the Indictment are not involved in this lawsuit and cannot be tied up unless and until the government secures a monetary judgment following a conviction which it is unable to satisfy from forfeitable assets. As the Supreme Court clearly stated in *Luis* in the passage quoted in ¶ 3 hereof and as Chief United States Magistrate Judge Eduardo Torres said in *United States v, Hernandez-Gonzales*, 2017 WL 2954676, *4 (S.D. Fla June 26, 2017) (involving freeing up tainted assets) after *Luis*, "untainted assets, [as] the Supreme Court made clear…belong to the defendant, pure and simple."

[2] Because, as we intend to demonstrate that the *lis pendens* violate FS § 48.23, pre-*Luis* federal cases, such as *United States v. Register*, 182 F.2d 820, 837 (11th Cir. 1999) on which the government places heavy reliance, which suggest that a *lis pendens* is not a restraint on assets are both beside the point and plainly wrong. However, as the case law cited herein holds, in circumstances such as this case, the notice provided by the *lis pendens* to perspective buyers or lenders renders both the assets and the defendants 'radioactive' insofar as using innocent properties to raise funds for their defense.

3

authorize an order of *lis pendens* over substitute assets prior to the entry of a forfeiture order and remanding for determination of whether state law permitted such *lis pendens.*); *United States v. Jarvis*, 499 F.3d 1196, 1204-05 (10th Cir. 2007) (same under New Mexico law); *United States v. Coffman*, 2010 U.S. Dist. LEXIS 108602 (E.D.K.Y. October 7, 2010) (relying on *Parrett* but also concluding *lis pendens* was improper under Kentucky state law). We have found no contrary Eleventh Circuit opinion.[3]

7. Efforts to negotiate a resolution with the government over the *lis pendens* on innocent property have been unavailing -- the government has too narrowly read *Luis* to mean that a *lis pendens* is not a restraint on this property and may only be released for payment of attorneys upon a showing of need by making detailed financial and legal fee disclosures to the prosecutors. Accordingly, the issue – whether a *lis pendens* on substitute assets is permitted under Florida state law and after *Luis* -- must be resolved by the Court.

8. Adjudication of this issue is essential to Rivera's and Nuhfer's ability to use innocent funds to retain counsel of their choice in this case.

9. Therefore, the undersigned respectfully files this temporary notice of appearance and seeks a briefing schedule to permit consideration of this important issue.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certifies that he has conferred in good faith with AUSA Joshua Paster, counsel of record for the Government, and though Rule 88.9(a) does not contemplate this use of a Certificate of Conference, we are honoring the government's request to include the following statement by them: "The Government does not object to counsel

---

[3] *See* discussion of *United States v. Hernandez-Gonzalez*, 2017 WL 2954676 (S.D. Fla. June 26, 2017), *supra. p. 2, n. 1.*

appearing on a temporary basis. The Government, however, disagrees with the factual and legal positions asserted in the defendants' notice requesting a briefing schedule. The government's position is, as discussed with counsel, that under binding Eleventh Circuit precedent, a notice of *lis pendens* is not a pre-trial restraint for forfeiture purposes. *United States v. Register*, 182 F.3d 820, 837 (11th Cir. 1999) ("In short, a filing of a *lis pendens* pursuant to state statute does not constitute a 'seizure' and does not affect property interests to an extent significant enough to implicate the Due Process Clause of the Fifth Amendment."). Further, to date, the defendants have been unwilling to provide any information to the government to satisfy a threshold showing of financial need that would implicate the Sixth Amendment. *United States v. Hernandez-Gonzalez*, 2017 WL 2954676, at *7 (S.D. Fla. June 26, 2017), *report and recommendation adopted*, 2017 WL 3446815 (S.D. Fla. Aug. 10, 2017) (also provided to counsel)". The defendants obviously disagree with the government and will demonstrate why they are wrong in our briefing.

        Respectfully submitted,

        **JONES WALKER LLP**
        201 S. Biscayne Blvd., Suite 3000
        Miami, FL 33131
        Telephone: (305) 679-5700
        Facsimile: (305) 679-5710
        By:    */s/ Edward R. Shohat*
                 **Edward R. Shohat**
                 Florida Bar No. 152634
                 eshohat@joneswalker.com
                 for Defendant Rivera

#100988437v1

|  |  |
|---|---|
|  | **MARKUS/MOSS** PLLC<br>40 N.W. Third Street, PH1<br>Miami, Florida 33128<br>Tel: (305) 379-6667<br>markuslaw.com |
| By: | /s/ David Oscar Markus<br>David Oscar Markus<br>dmarkus@markuslaw.com<br>/s/ A. Margot Moss<br>A. Margot Moss<br>mmoss@markuslaw.com<br>for Defendant Nuhfer |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 10th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Edward R. Shohat
Edward R. Shohat

#100988437v1