UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
[MIAMI DIVISION]

UNITED STATES OF AMERICA,           CASE NO. 22-20552-CR-GAYLES/TORRES

    Plaintiff,

v.

DAVID RIVERA,

    Defendants.

_____//

**DAVID RIVERA'S MOTION FOR MISCELLANEOUS RELIEF: TO CLARIFY/MODIFY CONDITION (i) SPECIAL CONDITIONS OF RELEASE, FOR PERMISSION TO TRAVEL TO VENEZUELA TO CONSULT WITH COUNSEL, FOR RELEASE OF HIS PASSPORT FOR THAT PURPOSE AS REQUIRED AND, UNOPPOSED, TO LIFT HIS CURFEW**

Defendant, David Rivera ("Rivera"), through counsel[1], respectfully moves this Honorable Court to clarify and/or modify Special Condition (i) of the conditions of his release, for permission to travel to Venezuela to consult with counsel, for the release of his passport as required for that purpose and, unopposed, to lift his curfew, and states:

1. Special Condition (i) of the conditions of Rivera's bond order states "[a]void all contact directly or indirectly with any person who may be a victim or witness <u>in the investigation or prosecution</u>." (Dkt. 30) (underlining supplied) Special Condition (i) also states "**Special condition not in effect until a list is provided to the Court and Pretrial Services**"

---

[1] The filing of this motion is not intended as a permanent appearance by the undersigned counsel who have heretofore appeared only temporarily as counsel for Rivera. *See* Dkt. 37 and Local Rule 11.1(d)(1).

2. On its face, the indictment in this case directly implicates facts, events and witnesses in Venezuela. Preparation of a defense to the indictment will require legal advice and assistance as well as evidence gathering in Venezuela. The need for competent Venezuelan legal advice and assistance is particularly true given the current fraught relations between the United States and Venezuela.

3. In addition, Rivera and his company, Interamerican Consulting Incorporated, have been and are currently involved in litigation in the Southern District of New York under the case style *Pdv USA, Inc., v. Interamerican Consulting, Inc., Case No. 20-cv-3699.*

4. Venezuelan attorney Raul Gorrin is licensed to practice law in Venezuela and, since 2017, has been and remains Rivera's lawyer in that country advising and assisting him in connection with the *Pdv USA* lawsuit identified in paragraph 3 hereof as well as, since the indictment, with the preparation of his defense in this case.[2] During 2018, Gorrin was indicted in SDFL Case no 18-cr-80160. Gorrin has never been arrested or convicted in that case.

5. Despite conditions of release for Rivera having been set on December 28, 2022, including Special Condition (i) which includes the statement that "[t]he [s]pecial condition [is][sic] not in effect until a list is provided to the Court and to Pretrial Services", it was not until June 13, 2023, six months *after* bail was set and only *after* Rivera's counsel inquired about the return of his passport for business travel and to meet with Gorrin, did the government consider it important

---

[2] A copy of Raul Gorrin's Venezuelan Bar Card is Exhibit 1, hereto. Gorrin's 2017 retainer agreement with Interamerican Consulting, Inc., in Spanish and in English, is Exhibit 2 hereto.

enough to provide a list of potential witnesses to the Court and to counsel ostensibly covered by the "no contact" language in Special Condition (i).[3]

6. The inclusion of Raul Gorrin on the government's list as a "Potential Witnesses" within the meaning of Special Condition (i) is not only convenient, untimely and factually baseless for the reason set out herein but it is also a serious violation of Rivera's Sixth Amendment Right to Counsel of Choice as well as his right to counsel in the SDNY civil case. Nothing about Gorrin, his indictment or the government's view of him, precludes his service as counsel in Venezuela for Rivera in connection with this and the NY case.

7. Nor does the language of Special Condition (i), which applies by its terms only to witnesses "…in the investigation or prosecution" preclude Rivera from contact with Gorrin or, for that matter, with any other non-prosecution witness. However, in an abundance of caution and because the Court's permission is needed for travel to Venezuela, Rivera has filed this motion seeking clarification.

8. AUSA Schimkat has told the undersigned that the government has no intention of interfering with Rivera's constitutional Right to Counsel and does not oppose consultations with Gorrin by Rivera's counsel, but not by Rivera himself.  This position does interfere with Rivera's rights under the Sixth Amendment and to consult with civil counsel as well. The promise of the Sixth Amendment, particularly an accused's right to have confidential communications with his lawyer, is not kept by restricting an accused to consultations with counsel through or in the presence of other lawyers.

---

[3] Email correspondence between AUSA Harold Schimkat and the undersigned confirms this history and timeline. Unless disputed by the government, making the presentation of that correspondence "necessary" within the meaning of Local Rule 7.7(b), we will not include it here.

9. Gorrin has not requested a "no contact" order as to Rivera. Special condition (i) exists as a method to protect the security of prosecution witnesses and, without evidence of some articulable reason to believe that Rivera poses a security risk to Gorrin, it cannot be constitutionally applied to prevent his personal, Sixth Amendment access to counsel of choice.

10. There is also no reason to continue a curfew on Rivera as a condition of his bond. There are multiple reasons to lift the curfew. First, Pretrial Services recommended against a curfew for Rivera. Second, consistent with the employment condition of his bond, Rivera is endeavoring to rebuild his consulting services business despite the difficulties created by the opprobrium of his indictment. To do so, he needs to be able to meet with clients and potential clients at times convenient for them after traditional work hours. Third, Rivera is an elected official in Miami-Dade County having been elected during 2020 to a four year term as a Republican Committeeman. Rivera's reelection campaign for that position is already underway. He is also considering a run for the State House of Representatives. The Committeeman position requires Rivera to attend meetings that frequently go past 8 pm. Election campaigns do not stop at 8 pm. Going forward, it is also likely that Rivera will need to meet with counsel after hours in the preparation of this case particularly in light of his other obligations. Otherwise, the curfew currently serves no legitimate purpose connected to Rivera's bond and, in Rivera's case, is inconsistent with the employment requirements thereof as well as his other legitimate activities. The government has advised that they do not oppose lifting Rivera's curfew.

WHEREFORE, Rivera moves the Court: (1) for an order clarifying that Special Condition (i) does not prevent him from speaking or meeting with Raul Gorrin in connection with the preparation of his defense in this case as well as in the SDNY case; (2) permitting him to travel to Venezuela; (3) for the release of his passport for the purposes of same upon advance notice to

Pretrial Services to include details of the timing of his travel and return as well as the re-surrender of his passport upon his return; and (4) for the lifting of his curfew.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 88.9(a), the undersigned certifies that counsel have conferred in a good faith effort to resolve the issues raised in this motion and have been able to do so as follows: the government does <u>not</u> oppose the lifting of Rivera's curfew but does oppose the other relief requested herein.

Respectfully submitted,

**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
By:    */s/ Edward R. Shohat*
**Edward R. Shohat**
Florida Bar No. 152634
eshohat@joneswalker.com
for Defendant Rivera

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 23rd day of June, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward R. Shohat*
Edward R. Shohat

#101425544v1