UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,	CASE NO. 22-20552-CR-GAYLES/TORRES

 Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

 Defendants.
_____/

**DAVID RIVERA AND ESTHER NUHFER'S JOINT MOTION
TO VACATE *EX-PARTE* PROTECTIVE ORDER [D.E. 82]
AND FOR BRIEFING ORDER**

 David Rivera and Esther Nuhfer, through counsel, respectfully move this Honorable Court to enter an order lifting the *ex-parte* Protective Order for Assets Subject to Forfeiture [D.E. 82] and request a briefing order that permits the Defendants to file a response to the Government's "Sealed *Ex Parte* Application for Second Post-Indictment Protective Order,"[1] as well as a response to the Government's "Objections to, or in the Alternative Appeal of, Chief Judge Torres's Orders," D.E. 83.

**INTRODUCTION**

 Over the past 5 months, the parties spent a great deal of time, money, and energy litigating over whether the Government could put *lis pendens* on Defendants' properties that were not tied to the charged offenses. During the course of this time-consuming and expensive litigation, the Government conceded that all of the properties at issue were substitute assets. In other words, the properties were "innocent" and not traceable to the offense.

---

[1] Since it is sealed, we do not know what docket entry the motion is, and the copy that was provided to us does not have a docket entry stamped on it.

1

This litigation was important and time-sensitive because the Defendants intend to use these properties to retain undersigned counsel and file their permanent appearances. While this litigation was pending, the arraignment was continued a number of times. On July 7, 2023, Chief Magistrate Judge Edwin Torres issues a 23-page order explaining that the Government's attempt to restrain substitute assets in this case was unlawful, D.E. 75, and that the Government "stubbornly fails to comprehend the … applicability of section 853(e) to substitute assets." *Id.* at 13, n.6.

Having lost before the Magistrate Judge, the Government filed an appeal to this Court, D.E. 83. After the Government lost, it changed course 180 degrees. Recognizing the long odds of successfully appealing the order, the Government also secretly went to this Court and filed an extremely misleading *ex parte* motion seeking to restrain a number of the very same properties at issue in the Magistrate Judge's Order, claiming for the first time that they are now traceable to the offense. Even though there was no reason to file the motion *ex parte*, the Government knew it had to do so if it wanted to win, as it had engaged in an above-board adversarial motion subject to a response, it would have been trounced again on both the law and the facts. The Government's "stubborn" win-at-all-costs litigation strategy pushing forward a contradictory new theory on an *ex parte* basis after it has already lost smacks of bad faith and is just plain wrong.

Accordingly, the Court should vacate the Order that the Government obtained in a misleading *ex parte* fashion and allow the defense an opportunity to respond. We respectfully request 30 days to respond to both the *ex parte* motion and to the appeal, both of which involve similar issues, facts, and properties.

## BACKGROUND FACTS

In November 2022, a federal grand jury returned an indictment charging Mr. Rivera and Ms. Nuhfer with conspiracy to commit an offense against the United States in violation of 18

U.S.C. § 371, failure to register as foreign agents in violation of 22 U.S.C. §§ 612(a) and 618(a)(1), money laundering conspiracy under 18 U.S.C. § 1956(h), and engaging in transactions in criminally derived property in violation of 18 U.S.C. § 1957. [D.E. 3]. The Government claims that Mr. Rivera and Ms. Nuhfer engaged in political activities in the United States on behalf of the government of Venezuela. The indictment specifies that the Government is seeking a judgment of at least $23,750,000 from Mr. Rivera and Ms. Nuhfer.

The indictment identified several properties that are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a) and 982(a) for being assets connected to Defendants' alleged unlawful activity ("tainted assets"). *Id.* at 31 ¶ 4 (a)–(f).2

Additionally, the indictment identified eight parcels of Defendants' real property as "substitute property" for possible forfeiture if the tainted assets were unavailable upon conviction. *Id.* at 32–33. In December 2022, the Government recorded *lis pendens* on the innocent, substitute properties. [D.E. 55-1].[2] Mr. Rivera and Ms. Nuhfer challenged the propriety of the *lis pendens*, arguing that the Government has impermissibly exceeded the scope of its statutory authority by recording notices of *lis pendens* on these untainted properties, as neither state nor federal law grants it the authority to restrain innocent assets in this manner prior to trial and conviction. [D.E. 54].

Chief Magistrate Judge Torres agreed and ordered the *lis pendens* on the challenged properties dissolved.  [D.E. 75, 77].  Judge Torres explained: "Consistent with Supreme Court logic, widespread circuit court authority, and governing Florida case law, we hold that in this case

---

[2] The government also improperly, by their own admission, filed a *lis pendens* against a piece of real property located at 237 Cole Street N.E., Marietta, GA that belongs to a Diana Rivera who has no connection to this matter or to David Rivera.  The government filed a release of that *lis pendens* on March 9, 2023, but only after the defense notified them of their error. (*See* DE-55-1, p. 16-17). This is another example of the scorched earth attack against the Defendants in this case.

neither federal nor state law authorized the Government's filing of lis pendens on Defendants' substitute assents and, as such, the lis pendens on the two substitute properties challenged by Defendants' motion must be lifted." *Id.* at 22. He continued: "As illustrated above, this holding is consistent with an extensive line of relevant and persuasive precedent and finds ample support in decisions applying lis pendens statutes that are virtually identical to Florida's." *Id.* (citations omitted).

The Government filed an appeal of this Order. [D.E. 83]. But it also filed a sealed, *ex parte* motion with this Court, seeking a protective order on three of the properties at issue in Judge Torres' Order. It claimed that "upon further investigation," it discovered that the three properties are "directly subject to forfeiture." *Id.* at 4. It conceded that "such property was not presented to the Grand Jury for a probable cause determination," and only submitted an agent's declaration as evidence that the properties should be restrained. *Id.*

The Government's motion was extremely misleading. It only informed the Court in a footnote that "[a]t the Defendants' request, Chief Magistrate Judge Edwin G. Torres has ordered the release of the Government's lis pendens recorded" on these properties. *Id.* at 4, n.2. Although the Government characterized this as a "request," it was a hotly contested motion that the Government is now appealing to this same Court. The Government said in the *ex parte* motion that filing the motion "may be" *ex parte*, but never explained why it needed to be done this way when Mr. Rivera and Ms. Nuhfer were represented and there was no risk of them dissipating the assets because they were still subject to the *lis pendens* that the Government was litigating and appealing. The *only* reason the Government filed the motion *ex parte* was so that the defense would not have an opportunity to respond and show why the motion was wrong as a matter of fact

4

and law, just as Judge Torres found with the attempt to place *lis pendens* on substitute assets, and that and that there was an adequate remedy at law, and no irreparable injury would ensue.

## ARGUMENT

There was no good reason to seek an *ex parte* order relating to properties that were subject to ongoing litigation. Although the government cited a case over 30 years old in which the court permitted it to obtain a restraining order *ex parte*, *United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989), that case did not involve a situation in which the parties were in the process of litigating the propriety of *lis pendens* on the very same properties and after the government received an adverse ruling from the magistrate judge.

An *ex parte* application is permitted when there is a fear of irreparable harm; for example, that the defendants may dissipate assets. Such a fear was not present here where the parties were in active communication about the litigation and had even discussed meeting with supervisors. In fact, only after losing before Judge Torres did the prosecution inform undersigned counsel that it had a new theory about the properties, and 8 months after obtaining the indictment from the grand jury on these substitute assets. Undersigned counsel specifically requested in writing the opportunity to meet with the prosecutors' supervisors before the prosecution would take any action with respect to the properties, before they changed course 180 degrees. Instead of meeting with counsel and instead of filing a motion with notice to undersigned counsel which would have allowed Mr. Rivera and Ms. Nuhfer to respond, the Government secretly went to the Court *ex parte*. This denied Mr. Rivera and Ms. Nuhfer their due process rights and the ability to rebut the allegations made by the government in the motion and to present proportionality arguments under the 8th amendment regarding the source of the funds used to purchase these innocent assets. This was underhanded and reeks of bad faith. Moreover, if allowed to stand, it accomplishes through a

back door what the government was attempting to do in its response to the defendant's challenge to the propriety of the *lis pendens*, to make the defendants show the need to use the properties before the Court would dissolve the *lis pendens*.

The defense team proposes that the Court vacate its order and give the defense an opportunity to respond before deciding whether to restrain these assets that would be used to retain counsel. Accordingly, we respectfully request that the Court set a briefing schedule allowing the defense to respond to the Government's motion to restrain the properties (that it previously represented to the court were "innocent," but now claims are tainted). The briefing schedule should also include time to respond to the Government's newly filed appeal of chief Magistrate Judge Torres 's order. We respectfully request 30 days to file responses to the appeal [D.E. 83] and to the Motion for Second Post-Indictment Protective Order.

WHEREFORE David Rivera and Esther Nuhfer respectfully request that the Court vacate the Ex Parte Sealed Order [D.E. 82] and give them 30 days to file responses to the appeal [D.E. 83] and to the Motion for Second Post-Indictment Protective Order.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| **JONES WALKER LLP** | **MARKUS/MOSS PLLC** |
| 201 S. Biscayne Blvd., Suite 3000 | 40 N.W. Third Street, PH 1 |
| Miami, FL 33131 | Miami, FL 33128 |
| Telephone: (305) 679-5700 | Telephone: (305)379-6667 |
| Facsimile: (305) 679-5710 | Facsimile: (305) 379-6668 |
| | |
| By: */s/ Edward R. Shohat* | By: */s/ Davis Oscar Markus* |
| Edward R. Shohat | Davis Oscar Markus |
| Florida Bar No. 152634 | Florida Bar No. 119318 |
| eshohat@joneswalker.com | dmarkus@markuslaw.com |
| *for Defendant Rivera* | *for Defendant Nuhfer* |