## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-20552-Cr-Damian/Torres

**UNITED STATES OF AMERICA**

**vs.**

**DAVID RIVERA,**

   **Defendant.**
_____/

### GOVERNMENT'S RESPONSE TO DAVID RIVERA'S MOTION
### TO ENFORCE PROTECTIVE ORDERS

The United States of America, by and through the undersigned attorneys, respectfully submits this response in opposition to David Rivera's ("Rivera") motion to enforce protective orders (DE 242).

Rivera's motion should be denied because it essentially seeks to quash or stay a subpoena issued in a civil lawsuit pending in the Southern District of New York ("SDNY") between PDV USA, Inc. ("PDV USA") and Rivera's company, Interamerican Consulting, Inc. ("Interamerican Consulting").   Rather than address the issues raised in his present motion in the proper forum, i.e., the civil lawsuit pending in the SDNY (see PDV USA v. Interamerican Consulting, Case No. 20-Civ-3699-JGK) or in the related civil subpoena enforcement proceeding pending in this district (see PDV USA v. David Rivera, 24-Civ-20456-Damian/Louis), Rivera now seeks to obtain the relief he has been twice denied in those proceedings by filing the present motion in the criminal case in which neither PDV USA nor Interamerican Consulting are parties.

Rivera offers no legal basis in support of his request for this Court to quash or stay the subpoena issued under the auspices of the district court in SDNY, other than to summarily style

his motion as one to "enforce" the protective orders entered in the criminal case.   The protective orders (DE #210 & 234) issued in this case, however, do not create any substantive rights to oppose the enforcement of the subpoena issued in the SDNY civil case, and the authorities cited in Rivera's motion are facially inapposite.   To the extent Rivera may have valid arguments to oppose compliance with the subpoena at issue, those arguments should be raised in the SDNY civil case or in the pending subpoena enforcement proceeding pursuant to Rule 45 of the Federal Rules of Civil Procedure.   Doing so would provide PDV USA with the opportunity to address the claims raised by Rivera in the present motion (including his "undue burden" argument), and thereby avoid having this Court adjudicate what is essentially a civil discovery dispute between PDV USA and Rivera/Interamerican Consulting – without the participation of the real parties in interest.   Indeed, the government (a third party here) has little interest in being placed for a second time in the middle of this long-running discovery dispute between PDV USA and Interamerican Consulting/Rivera.

Accordingly, for these and the other reasons addressed below, this Court should deny Rivera's pending motion.

## Factual Background

In May 2020, PDV USA (a wholly-owned subsidiary of the Venezuelan state oil company Petroleos de Venezuela, S.A. ("PDVSA")) filed its breach of contract/unjust enrichment civil action against Interamerican Consulting (not Rivera personally) in the SDNY seeking to recover $15 million it had paid Interamerican Consulting pursuant to the $50 million consulting contract that also plays a significant role in the pending criminal case. Interamerican Consulting, in turn, filed a counterclaim against PDV USA pursuant to which Interamerican Consulting is seeking what it claims is the $30 million that PDV USA still owes Interamerican Consulting under the

contract. The facts at issue in the parties' dispute over the nature and purpose of the contract overlap to some extent with the allegations in the criminal case. Specifically, Rivera has asserted in that action that he was retained by CITGO Petroleum Corp. ("CITGO") to provide business advice to the company as to how it could distance its image in the United States from PDVSA and the Venezuelan government. PDV USA, in turn, has asserted essentially that Rivera failed to perform under the contract and was really acting on behalf of the Venezuelan government for non-CITGO related purposes.[1]

During those proceedings, the parties engaged in extensive litigation concerning Interamerican Consulting's failure to produce in discovery emails and text messages relevant to the events at issue in the SDNY civil case. As the government understands the proceedings, PDV USA initially sought to compel Interamerican Consulting to produce the relevant emails and text messages (referred to in the civil litigation as the "Missing Documents") after learning of their existence from the initial Indictment in the criminal case that was returned in November 2022. Those efforts included PDV USA's demand that Interamerican Consulting produce pursuant to its discovery obligations as a party to the SDNY civil case copies of a limited portion of the discovery that the government had produced to Rivera (essentially copies of Rivera's own emails and text messages) during the course of the asset forfeiture litigation that took place before the defendants were arraigned in August 2024.

Interamerican Consulting resisted those efforts claiming, in general, that the relevant

---

1 The initial consulting contract between PDV USA and Interamerican Consulting was for $50 million to be paid over the course of three months in the spring of 2017.  PDV USA made three initial payments of $5 million each to Interamerican Consulting before ceasing to make any further payments under the contract. In October 2017, Interamerican Consulting received a fourth payment of $5 million from PDVSA pursuant to the contract.

materials were not in its possession but rather were in the possession of Rivera's defense attorneys in the criminal case and subject to a protective order that precluded Rivera's counsel from sharing them with Interamerican Consulting's attorneys in the civil case. Ultimately, the Magistrate Judge in the SDNY civil case issued an Order on May 10, 2024, that reinstated his earlier order dated March 25, 2024, requiring Interamerican Consulting to produce to PDV USA copies of the relevant materials that the government had produced to the defendants during the forfeiture litigation in the criminal case (DE #193 in Case No. 20-Civ-3699 JGK).[2]

In addition, PDV USA also sought production of the "Missing Documents" from Rivera through the filing of the previously referenced subpoena enforcement action that is currently pending in the Southern District of Florida. In that proceeding, PDV USA sought to compel the production of the relevant emails and text messages produced by the government in the asset forfeiture litigation pursuant to a subpoena that PDV USA had served on Rivera in September 2021. Rivera, represented by Interamerican Consulting's attorneys from the SDNY case, again resisted producing the relevant material claiming, in part, that they were subject to the preliminary protective order (DE #95) entered in the criminal case in relation to the forfeiture litigation that precluded Rivera's criminal defense counsel from providing copies of the criminal discovery to any third parties for purposes other than preparing the defense in the criminal case.

After hearing from the various parties (including the government and criminal defense

---

2 As Rivera notes in his motion, the SDNY court initially issued its order on March 25, 2024, requiring Interamerican Consulting to produce copies of relevant portions of the criminal discovery to PDV USA (DE #166 in Case No. 20-Civ-3699 JGK). Rivera is also correct in that the SDNY court then issued an order on April 4, 2024, holding its March order in abeyance (DE #170). However, the SDNY court subsequently by order dated May 10, 2024, reinstated its earlier March 25, 2024, order and required Interamerican Consulting to produce the responsive material (DE #193).

counsel), Magistrate Judge Louis, on April 19, 2024, granted PDV USA's motions to compel and ordered Rivera to produce documents responsive to PDV USA's subpoena within fourteen days of the hearing (DE #37 in Case No. 24-Civ-20456-Damian/Louis). Magistrate Judge Louis subsequently issued a written order on May 6, 2024, granting PDV USA's motion to compel (DE #38 in Case No. 24-Civ-20456-Damian/Louis) and specifically finding that the protective order entered in the criminal case did not preclude Rivera from complying with PDV USA's subpoena. Rivera did not appeal Magistrate Judge Louis' Order requiring him to produce copies of the government's discovery in order to comply with the PDV USA subpoena.[3]

While these matters were pending, PDV USA also issued a subpoena in February 2024 to the United States Attorney's Office ("USAO") after it apparently became clear to PDV USA that Interamerican Consulting and Rivera would resist PDV USA's efforts to compel production of the Missing Documents. The PDV USA subpoena issued to the USAO was itself limited in scope to include only documents that were referenced or cited in the November 2022 Indictment and that the government had produced copies of to the defendants in discovery. Because the defendants' criminal defense counsel initially objected to the government's intention to comply with the subpoena, the government submitted an application to this Court seeking authorization to produce the materials required by the PDV USA subpoena (DE #162). The defendants ultimately defaulted by not submitting responses to the government's application and Chief Magistrate Judge Torres granted the government's application. See Order Granting Government's Petition for Court Authorization to Produce Documents in Response to Subpoena Issued in Pending Civil Case

---

3 To the government's knowledge, the subpoena enforcement action is still pending with this Court as PDV USA has filed a motion for attorney's fees in relation to Rivera's efforts to avoid producing the relevant materials (DE #55 in Case No. 24-Civ-20456-Damian/Louis).

(authorizing the government to produce documents pursuant to the civil subpoena issued by PDV USA) (DE #168).

In May 2024, PDV USA issued a second subpoena to the USAO for a limited number of documents referenced in the Indictment that had not been included in the government's first subpoena response. Without objection from the defendants, the government complied with this subpoena without first submitting an application to the Court.

Since then, the defendants were arraigned in August 2024 and this Court has entered two protective orders to govern discovery in the criminal case going forward (DE #210 & 234). The protective orders, in relevant part, authorize the government to produce discovery to the defendants by providing copies of the discovery to defense counsel who are required to hold the government's discovery "in strict confidence and, unless otherwise required by law, shall disclose the discovery . . . only to the extent counsel believes necessary to assist in the defense of their clients in this matter" (DE #210). To the extent that any of the parties to the criminal case receive a "subpoena, court order, or other legal process requiring the production of copies of the discovery provided to the Defendants by the Government," the parties in the criminal case are required to provide notice to one another within three business days (DE #234).

Nothing in the current protective orders provides any substantive grounds to oppose the production of copies of the criminal discovery exchanged between the parties in response to a third-party subpoena or court order. Instead, the provisions of the protective orders serve to ensure, through the above-referenced notice requirement, that the parties in the criminal case have an

6

opportunity to raise whatever objections they may have to oppose compliance in the proper forum.[4]

### **Legal Argument**

Rivera's motion, which seeks to stay or quash the civil subpoena issued pursuant to the authority of the SDNY court overseeing the lawsuit between PDV USA and Interamerican Consulting, should be denied because Rivera filed this request for relief in the wrong case against the wrong party. Rivera is essentially asking the Court overseeing the criminal case to adjudicate a discovery dispute to which the government is not a party and without the participation of PDV USA – the party that issued the subpoena in the first place and that has the greatest interest in its enforcement. For that reason, and because the protective orders the instant motion purportedly seeks to enforce do not require such relief, Rivera's motion should be denied.

Tellingly, Rivera – the moving party – does not attempt to address in any real way this Court's jurisdiction to issue an order to stay or quash the civil subpoena issued by PDV USA. Presumably, the mechanism for challenging the subpoena would be to file a motion to quash pursuant to Rule 45 of the Federal Rules of Civil Procedure in one of the pending civil matters. Instead, Rivera summarily asserts that he is somehow seeking to enforce the protective orders in the criminal case without citing any specific provisions of the protective orders that he is allegedly seeking to enforce and without citing any case law affirmatively addressing how the Court overseeing the criminal proceedings has jurisdiction to stay or quash compliance with what appears

---

4 Rivera's motion states that the protective order as amended "express[ly]" prohibits Rivera or his counsel from sharing criminal discovery documents with third parties "without prior court order," DE #242 ¶ 1, but the relevant orders contain no such express prohibition. Rather, the orders provide (among other things) that they shall not "interfere with the ability of the parties in the criminal case to oppose compliance with or the enforcement of a subpoena, court order, or other legal process," including by raising objections thereto. DE #234.

to be a validly issued civil subpoena.

This does not appear to be an oversight. When previously opposing the production in the civil case of materials provided by the government to the defendants in discovery, Interamerican Consulting properly litigated the matter before the Magistrate Judge overseeing discovery in the SDNY pursuant to its discovery obligations as a party to that action. Similarly, Rivera opposed producing those same materials in the subpoena enforcement action PDV USA filed against Rivera in the Southern District of Florida. Rivera, however, does not explain in his present motion his decision to now pursue resisting compliance with the PDV USA subpoena in yet a third forum in which PDV USA is not even a party.

Indeed, Rule 45 of the Federal Rules of Civil Procedure (a copy of which was included with the PDV USA subpoena served on Rivera) expressly provides for the potential relief that Rivera is seeking. Specifically, Rule 45(d)(3)(A)(iv) authorizes a court "for the district where compliance is required" to quash or modify a subpoena that "subjects a person to undue burden." Undue burden is precisely the argument Rivera makes in his current motion in seeking to have this Court stay or quash the PDV USA subpoena. If, however, Rivera wishes to rely on undue burden for relief from having to comply with the subpoena, then he should invoke Rule 45 in the civil proceedings pending against him, rather than try to shoehorn its application into the criminal case.

Moreover, the government notes that Rivera may be overestimating the degree of burdensomeness that compliance with the subpoena might present. It is true that the government has provided the defendants in this case with a significant amount of electronic and other discovery consisting of emails, text messages, and other records (such as bank records and other business records) and no doubt it will take some time for counsel to organize and review the discovery, a

fair amount of which is in Spanish. However, it seems to the government a bit premature for Rivera to claim in this forum that it would be a "fool's errand" or an "overwhelming and unfair task" to try to comply with what Rivera describes as an exceedingly broad subpoena. Nowhere, for instance, does Rivera describe in his motion any efforts made by him to confer with PDV USA and Interamerican Consulting's counsel to gain a better understanding of or narrow the potential scope of the materials that PDV USA is seeking through its subpoena in the SDNY case.

Indeed, it is the government's understanding that the issue of the Missing Documents primarily concerns emails and text communications sent or received by Rivera that relate to the issues presented in the SDNY civil action. If that is correct, then Rivera has apparently already provided a forensic image of Rivera's iPhone (that had been provided to him by the government in its discovery) to Interamerican Consulting's counsel in the SDNY case for their review, which should contain a substantial number of the text messages that PDV USA is seeking to obtain pursuant to the subpoena issued to Rivera.

To the extent that PDV USA may also be seeking other materials involving emails and text messages sent to or from Rivera that might not be contained on Rivera's iPhone, Rivera has not attempted to clarify for this Court to what extent these specific items comprise the "approximately 250 Gigabytes" of discovery provided by the government to the defendants in the criminal case. Nor does Rivera represent in his motion whether he has conferred with PDV USA's attorneys regarding whether PDV USA is seeking to obtain only emails or text messages the government obtained from Rivera's email service providers or also from third parties that PDV USA did not subpoena during discovery in the civil case. Doing so might further clarify for Rivera the degree of effort that responding to PDV USA's subpoena might entail as the government has provided

discrete production files of emails obtained from Rivera's email service provider to the defendants as part of the criminal discovery. In the government's view, Rivera should first attempt to get a better understanding of the specific items PDV USA is actually seeking pursuant to its subpoena before asserting to this Court that compliance would be a near impossible task.[5]

Finally, the government respectfully disagrees with Rivera's assertion that if either party to the criminal case should have to respond to a subpoena issued by PDV USA, it should be the government rather than Rivera. The government after all is not a party to the SDNY civil action and has already been imposed upon twice this year to comply with subpoenas issued by PDV USA due to Rivera's and Interamerican Consulting's ultimately unsuccessful efforts to avoid producing copies of the discovery Rivera received in the criminal case to PDV USA. See, e.g., Genus Lifesciences, Inc. v. Lannett Company, Inc., 2019 WL 7313047 at *4 (N.D. Cal. 2019) (stating that under Rule 45 "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests"); Torre v. Charter Communications, Inc., 2020 WL 7705940 at *1 (S.D.N.Y. 2020) (citing cases including Genus for the proposition that a party should first seek to obtain discovery from another party before issuing a subpoena to a non-party). In contrast, Rivera for all practical purposes is a party to the SDNY civil case through his wholly-owned company, Interamerican Consulting, which has filed a counterclaim against PDV USA seeking a payment of $30 million pursuant to the consulting contract between PDV USA and

---

5 In addition to undue burden, Rivera makes a number of other assertions in his motion concerning the nature or similarity of the facts at issue in the civil case to the criminal proceedings and at one point seems to assert that the subpoena does not apply to the documents produced by the government in the last several months because the subpoena was served in September 2021. Although a cursory review of the subpoena reflects that it contains a standard issue continuing-obligation provision, PDV USA is obviously in a better position than the government to respond to Rivera's factual assertions concerning the pending civil case.

Interamerican Consulting. That either Rivera's or Interamerican Consulting's attorneys should bear the burden of reviewing the criminal discovery for responsiveness to the PDV USA subpoena hardly seems unreasonable under these circumstances.[6]

## Conclusion

For the foregoing reasons, Rivera's motion to enforce the protective orders should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:      /s/ Harold E. Schimkat
Harold E. Schimkat
Daniel Bernstein
Assistant United States Attorneys
Court ID No. A5500567
Fla. Bar No. 0017973
99 N.E. 4th Street, 4th Floor
Miami, Florida 33128
Office: (305) 961-9298
Cell: (786) 378-4344
Harold.schimkat@usdoj.gov

---

6 Further complicating matters is that the materials provided by the government (including a filter AUSA) to the defendants in discovery include potentially privileged items. It would be odd to say the least for the government to be responsible for making privilege assertions on behalf of Rivera in dealing with subpoena compliance issues in response to the PDV USA subpoena.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 /s/ Harold E. Schimkat
Harold E. Schimkat
Assistant United States Attorney