UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

v.

DAVID RIVERA, *et al.*,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S
### MOTION TO ENFORCE PROTECTIVE ORDER

This cause comes before the Court on Defendant, David Rivera's Motion to Enforce Protective Orders. [D.E. 242]. The Government has timely responded to the Motion [D.E. 246], to which Defendant has replied. [D.E. 251]. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Defendant's Motion is **DENIED**.

---

[1] On November 27, 2024, the Honorable Melissa Damian referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 244].

### I.   BACKGROUND

Mr. Rivera's company, Interamerican Consulting, Inc. ("Interamerican"), is currently being sued by PDV USA in a civil action in the Southern District of New York. In connection with that action, a non-party subpoena was served, requiring certain of Mr. Rivera's communications that relate to that civil action. In Mr. Rivera's view, some of the items requested in the subpoena would require Mr. Rivera to violate the protective orders in this case. Accordingly, Mr. Rivera asks the Court to, essentially, quash the subpoena on grounds that compliance would interfere with the instant proceeding.

In response, the Government contends that this is not the proper forum for Mr. Rivera to resolve his subpoena dispute. The proper forum, rather, is the Southern District of New York (where both Interamerican and PDV USA are parties), or the separate subpoena enforcement proceeding in this district (in which Mr. Rivera and PDV USA are parties). This Court, argues the Government, is powerless to quash the subpoena (or to otherwise abrogate Mr. Rivera's response to the subpoena).

### II.   ANALYSIS

We agree with the Government that it is not within this Court's jurisdiction to quash a subpoena that was served upon Mr. Rivera's entity in a New York civil proceeding. The underlying dispute is a civil discovery quarrel between PDV USA and Interamerican. Neither PDV USA nor Interamerican are parties to this pending, criminal proceeding. It is clear, then, that Rule 45 directs Mr. Rivera to petition the

Southern District of New York—not this Court—to abrogate his obligations under the subpoena.

Indeed, Rule 45(d)(3)(A) dictates that, "the court for the district where compliance is required must quash or modify a subpoena …." Mr. Rivera provides no authority that, in light of Rule 45, this Court has jurisdiction to quash or modify the relevant subpoena. This is further bolstered by the fact that neither PDV USA nor Interamerican are parties to this criminal proceeding; it is not for this Court to adjudicate PDV USA's discovery rights while PDV USA is not present.

Thus, aside from the fact that the Court *should* not resolve this dispute, the Court *cannot* resolve this dispute. *See Klinkman v. Truist Bank*, No. 2:23-CV-583-SPC-KCD, 2023 WL 9285129, at *1 (M.D. Fla. Dec. 11, 2023) ("More fundamentally though, the motion was filed in the wrong venue. Defendant seeks to compel ASIC to produce documents in Miami, Florida, which is in the Southern District of Florida. Thus, any motion to enforce the subpoena or to sanction ASIC for non-compliance must first be presented there. If the Southern District finds exceptional circumstances, or if ASIC consents, the motion can be transferred here for resolution."); *see also Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019) ("Here, the subpoena lists a Birmingham, Alabama address as the location Management Services must send the requested documents. Therefore, the place where compliance is required is Birmingham, which is part of the Northern District of Alabama. As such, this Court lacks jurisdiction to hear the motion to compel.").

Moreover, even if this Court were the proper venue to resolve the dispute, the protective orders in this case do not provide Mr. Rivera with grounds to quash or modify the subpoena. Mr. Rivera's entity—not the Government—is the recipient of the subpoena. The protective order in this case applies where "the United States or the defendants … receive a subpoena … requiring a production of copies of the government's discovery to a person or entity that is not a party to the criminal case …." [D.E. 210 at 2].

But no one is asking for the Government's discovery. Conversely, the subpoena asks Mr. Rivera for his own communications. If Mr. Rivera interprets the protective order to shield him from any and all production related to the contract underlying this case—the creation of which pre-dates this prosecution—Mr. Rivera extrapolates the protective order far beyond its plain terms and meanings. Simply put, the protective order is inapplicable.

### III.   CONCLUSION

Accordingly, both because this Court is not the proper venue to resolve Mr. Rivera's objections and because, even if it was, the protective order does not insulate Mr. Rivera from cooperating in his entity's civil action, Mr. Rivera's Motion is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 14th day of January, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge