# Govt. Ex. 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/02/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PDV USA, INC,

                Plaintiff

      - against -

INTERAMERICAN CONSULTING INC,

                Defendant.
------------------------------------------------------------X

20-CV-3699 (JGK) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves the issues concerning defendant Interamerican's letter motions to compel discovery about the substance of PDV's communications with the Department of Justice ("DOJ"), to modify the discovery schedule to facilitate additional discovery, and to proceed with the deposition of third-party Mr. Doe.

      1.      DOJ: Interamerican seeks to take a second deposition of PDV's corporate representative (as well as any attorney representing PDV USA or its affiliates) "to inquire into the substance of PDV USA's communications with the DOJ." (Dkt. 174 at 2.) PDV argues that the requested discovery will "shed light on whether PDV USA was truly dissatisfied [with Interamerican's services], as it alleges, or simply acting at the behest of DOJ." (*Id*.) In other words, Interamerican seeks discovery about PDV's "true motivation in bringing this lawsuit." (*Id*.) What may have influenced PDV to bring the lawsuit is of little to no relevance to the facts alleged, which concern Interamerican's alleged fraud and breach of contract. At the first deposition of PDV's corporate representative, Interamerican already asked several questions about PDV's communications with DOJ, and received numerous answers, including about whether discussions with DOJ had any

influence on the lawsuit (the answer being possibly as to timing but not as to the action itself).  The only example Interamerican provides of a direction not to answer is one where the question asked directly sought information shared by PDV counsel with their client.  Moreover, at the earlier deposition taken, PDV had the opportunity to ask about the one meeting with DOJ that was attended by a PDV executive, yet never asked any questions about the meeting.  In short, the discovery sought is not warranted, is not proportional to the needs of the case, seeks another bite at the apple that Interamerican declined to bite the first time, and is a distraction from the actual issues in the case.  Accordingly, Interamerican's motion to compel at Dkt. 174 is DENIED.

2. Mr. Doe:  The parties agree that Interamerican may take the deposition of Mr. Doe.  The dispute is when.  PDV asks that the deposition be put off until production of certain outstanding documents from Interamerican and Mr. Rivera.  (Dkt. 182.)  Interamerican argues that PDV is merely seeking to obtain what was previously denied – continuation of the stay of Mr. Doe's deposition pending production of the "Missing Documents."  (Dkt. 178.)  Notwithstanding PDV's delay in seeking relief from the federal district court in Florida, there has been a recent material development:  the Florida court has ordered Interamerican and Rivera to produce documents sought by PDV.  At this point, any impediment to PDV's obtaining the documents at issue would be Interamerican and Rivera's failure to comply with the Florida court's orders.  Accordingly, the deposition of Mr. Doe shall not go forward until at least 14 days after Interamerican and Rivera comply with the Florida court orders requiring production of documents sought by PDV.  Accordingly, Interamerican's request for a conference at Dkt. 178 is DENIED, and PDV's counter request at Dkt. 182 is GRANTED.

3. Schedule: Neither party has indicated the need for any extension of discovery based on the timing of Mr. Doe's deposition. Rather, Interamerican made that request in connection with its motion to compel discovery about PDV's communications with the DOJ. Because the motion to compel was denied, the accompanying request to modify the discovery schedule at Dkt. 174 is DENIED as well.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. 174, 175, and 178.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2024
     New York, New York

Copies transmitted this date to all counsel of record.