UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,           Case No. 22-cr-20552-DAMIAN/Torres

    Plaintiff,

v.

DAVID RIVERA, *et al.*,

    Defendants.
_____//

### DAVID RIVERA'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS SECOND MOTION FOR ADDITIONAL DISCOVERY

Defendant, David Rivera ("Rivera"), through counsel, respectfully files this Reply to the Government's Response (the "Response") [ECF No. 267] to his Second Motion for Additional Discovery (the "Motion") [ECF No. 266] and states as follows:

#### INTRODUCTION

Rivera seeks information from the Government that he has reason to believe will reveal collusion between the Government and PDV USA, Inc. ("PDV USA") in a related civil action pending in the Southern District of New York (the "SDNY Civil Action").[1] This collusion—which may well have provided the Government an impermissible advantage in the present criminal prosecution—would be a violation of Rivera's Fifth Amendment due process rights. The Government has most recently raised a new, non-legal argument: essentially, says the Government, Rivera should have sought the information that he seeks now *directly from PDV USA* through discovery in the *SDNY Civil Action*.

---

[1] Again, that case is *PDV USA, Inc. v. InterAmerican Consulting, Inc.*, No. 20-cv-03699, currently pending in the Southern District of New York.

#103425907v1
#103516698v1

But there are multiple holes in this logic: *First*, Rivera individually is not a party to—and undersigned counsel are not attorneys of record in—the SDNY Civil Action and, to the extent Rivera even has access to discovery as the principal of InterAmerican, there is a protective order in place which prohibits him from sharing the discovery. Thus, as an individual, Rivera has limited access to that confidential discovery, and undersigned counsel has no influence over that civil litigation strategy. *Second*, what matters in this criminal prosecution is what the Government—and not PDV USA—did in connection with the SDNY Civil Action. *Third*, Rivera is under no obligation to accept PDV USA's assurances that the Government has not violated Rivera's rights in this criminal prosecution. In short, what InterAmerican has or has not done in the SDNY Civil Action has little bearing on what discovery Rivera is constitutionally entitled to in the present criminal prosecution.[2]

## ARGUMENT

I. **What <u>InterAmerican</u> has or has not done in the <u>SDNY Civil Action</u> has little bearing on whether <u>Rivera</u> is entitled to certain discovery in this <u>criminal action</u>.**

    a. *Rivera individually is not a party to—and undersigned counsel is not attorney of record in—the SDNY Civil Action.*

The Government ignores the fact that Rivera as an individual is not a party to the SDNY Civil Action. Rivera cannot—then— share *confidential* discovery that PDV USA has produced in that case with undersigned counsel. There is a protective order in place in the SDNY Civil Action which precludes, without court order, the unilateral disclosure to non-parties of the confidential discovery in that case.[3] This reason alone more than explains Rivera's having not delved into the

---

[2] The final portion of this Reply will address the Government's mischaracterizations of Rivera's legal arguments.

[3] This is ECF No. 55 in the SDNY Civil Action.

2

nuances of the SDNY Civil Action discovery in this case's prior discovery-related motions practice.

Relatedly, just as the Government seems to think that Rivera can do whatever he wants in the SDNY Civil Action despite not being a party, so too, does it think that undersigned counsel can direct InterAmerican's defense strategy in the SDNY Civil Action despite not being attorneys of record. Again, there is no overlap between Rivera's lawyers in this case and InterAmerican's lawyers in the SDNY Civil Action. They work for different law firms and are under no obligation to coordinate their respective litigation efforts. Indeed, to participate in the kind of coordinated defense that the Government seems to think would be so natural would run afoul of the rules of professional ethics that govern the Florida and New York bars. *See* Rule Regulating the Florida Bar 4-1.6 ("A lawyer must not reveal information relating to a client's representation[.]"); New York Rule of Professional Conduct 1.6 ("A lawyer shall not knowingly reveal confidential information[.]"). For example, when undersigned counsel contacted InterAmerican's counsel to investigate the Government's recent characterization in its Response of the state of discovery in the SDNY Civil Action, InterAmerican's counsel understandably provided little insight, stating simply that the relevant SDNY Civil Action discovery had been either filed under seal or marked confidential by PDV USA, meaning that InterAmerican's counsel could not produce that discovery without either PDV USA's consent or a court order. Neither Rivera nor undersigned counsel, then, can be bound by what InterAmerican has or has not done through different lawyers in a different case.

      b.    *Rivera cares about what <u>the Government</u> has done vis-à-vis the SDNY Civil Action, not what <u>PDV USA</u> has done.*

The Government is incorrect that the issue of possible Government-PDV USA collusion that Rivera has raised in the present case has been "extensively litigated and refuted" in the SDNY

3

Civil Action. *Response* at 2. A closer reading of the excerpts from the SDNY Civil Action discovery that the Government has relied on in its Response reveals that the focus of that discovery has been—as one would expect—*PDV USA's* motivations and decisions. *See, e.g.*, Response at 2 ("InterAmerican's] attorneys were allowed to question *PDV USA's 30(b)(6) corporate witness* regarding these matters who explained during her deposition 'what the reference to prior consultation with DOJ in the 2020 presentation meant[.]'" (emphasis added)); *id.* at 3 ("*PDV USA* had already provided sworn testimony through its 30(b)(6) witness that the government had not influenced its decision to file its lawsuit[.]" (emphasis added)). The SDNY Civil Action discovery—assuming Rivera or his legal team in this case could even access it—appears to reveal little about *the Government's* motivations and actions. In other words, Rivera is not accusing *PDV USA* of violating his Fifth Amendment rights in this criminal action—he is accusing *the Government* of doing that through its relationship with PDV USA and its direction of the SDNY Civil Action. So, while the SDNY Civil Action discovery that the Government discusses in its Response is certainly on the same topic as Rivera's request for additional discovery in this case, it is hardly dispositive. It is *only* the *actual* correspondence between PDV USA and the Government—as defined in the narrowed list of categories set out in Rivera's Second Motion— rather than the self-serving testimony of a PDV USA corporate representative, which will provide the actual evidence Rivera seeks.

Furthermore, PDV USA has—based on the exhibits attached to the Government's Response—been far less forthcoming as to the nature of its relationship with the Government than the Government would have this Court believe. Exhibit 1 to the Government's Response, after all, consists of four pages of PDV USA's attorneys telling InterAmerican's counsel that PDV USA has no obligation to reveal any information pertaining to its relationship with the Government.

Indeed, says PDV USA's counsel to InterAmerican's counsel, "[t]he fact that you have sought these communications notwithstanding any effort to explain their relevance reveals your obvious purpose—to obtain information that you believe might be useful to defend Mr. Rivera in the Justice Department's indictment." Ex. 1 to Response [ECF No. 267-1] at 1. Unsurprisingly, PDV USA's counsel did not provide the discovery sought. Rivera, then, finds himself in a *Kafka-esque* situation; he has asked the Government for discovery which PDV USA states outright is relevant in this criminal action; the Government has refused on the basis that InterAmerican should have sought that discovery from PDV USA in the SDNY Civil Action; but then PDV USA refuses to provide that information to InterAmerican on the basis that it is only relevant to this criminal action.[4] This just can't be right.

        c.    *Rivera cannot be forced to take PDV USA at its word that the Government has not violated his Fifth Amendment rights in this case.*

Yet another hole in the Government's logic is that Rivera must accept *PDV USA* at its word that *the Government* has not violated his rights to due process. *See, e.g.*, Response at 2 (referencing a letter from PDV USA's counsel describing a "tin-foil hat theory"); *id.* at 2–3 (citing the testimony of PDV USA's 30(b)(6) representative). This is even less persuasive than the proposition that Rivera must accept *the Government* at its word that it has not violated his rights. *See* Rivera's First Motion for Additional Discovery at 5–6 ("Rivera cannot be forced to accept the Government's word that it hasn't encroached on his Fifth Amendment rights by using the SDNY Civil Action as a proverbial stalking horse."); *see also United States v. Gonzalez-Gonzalez*, 258 F.3d 16, 24 n.3 (1st Cir. 2001) (noting that a criminal defendant "is not expected to take the government at its word as to the materiality of [particular] evidence"). Again, what matters on the Fifth Amendment

---

[4] This situation is not unlike the Government's oft-repeated argument that Rivera has not made a sufficient evidentiary showing to justify his requests for that very same evidence.

5

Due Process and possible suppression issues is what *the Government* has done. And it is only through reviewing discovery that *the Government* can produce that Rivera will be able to confirm (or move past) his well-founded concerns that *the Government* has acted improperly. It is the actual correspondence, not after-the-fact self-serving statements about what happened, which is the relevant evidence in this case.

**II.     Yet again, the Government has mischaracterized Rivera's legal arguments as to why he is entitled to the discovery he seeks.**

Rivera and the Government have gone back and forth as to the legal justification for the discovery Rivera seeks, as this is the sixth filing related to this topic.[5] Furthermore, this issue has been discussed at two status conferences before this Court.[6] Yet, somehow, the Government still mischaracterizes Rivera's arguments in support of his simple request for the discovery to which he is legally entitled.

*i.     Rivera's Motion is grounded in proper legal bases.*

Rivera's Motion is grounded in "(1) the Fifth Amendment because it may reveal violations of his right to due process; and (2) *Brady v. Maryland*, 373 U.S. 83 (1963); FED. R. CRIM. P. 16(a)(1)(E), and S.D. FLA. L.R. 88.10(c) because it will be favorable to Rivera and necessary for him to prepare a defense." Motion at 1. These are proper grounds for the relief he seeks. Indeed, on October 21, 2020, Congress passed a law that essentially mandates that the Government produce the type of discovery Rivera has requested here.

Thanks to the Due Process Protections Act ("DPPA"), Pub. L. No. 116-182, Rule 5 of the Federal Rules of Criminal Procedure now includes the following language in section (f):

---

[5] *See* Rivera's (First) Motion for Additional Discovery [ECF No. 248]; the Government's Response [ECF No. 258]; Rivera's Reply [ECF No. 261]; Rivera's Second Motion for Additional Discovery [ECF No. 266]; the Government's Response [ECF No. 267].

[6] *See* January 15, 2025, Paperless Minute Entry [ECF No. 263]; February 11, 2025, Paperless Minute Entry [ECF No. 269].

> In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

Pursuant to FED. R. CRIM. P. 5(f)(2), the Magistrate Judge presiding over a defendant's first appearance in this District states the following (which occurred in this case on December 20, 2022, *see* Magistrate Judge Goodman's Minute Order [ECF No. 29]):

> It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

And this is precisely that which Rivera now seeks and precisely that which Rule 5(f) and this Court require the Government to provide. The communications concerning the admitted collusion between the Government and PDV USA—which predate both PDV USA's filing of the SDNY Civil Action and the indictment against Rivera that commenced the instant prosecution—are statements that "favor[ ] the defendant or cast[ ] doubt on the United States case." *Id*. They would also "go[ ] to negating the defendant's guilt [or] the credibility of a witness." *Id.* Indeed, "Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, *dismissal of charges*, contempt proceedings, disciplinary action, or *sanctions by the Court*." *Id.* (emphases added).

Accordingly, it is now time for the Government to disclose these communications or face the consequences of its failure to do so. The Government has articulated no argument of any kind

to suggest that there is some special reason to protect the disclosure of the communications Rivera is seeking. While PDV USA and its lawyers certainly enjoy a privilege in their communications, PDV USA's communications with the DOJ—a third-party that should not be providing legal advice to PDV USA—are not privileged. *See Bd. of Trustees of the Leland Stanford Junior Univ. v. Coulter Corp.*, 118 F.R.D. 532, 533 (S.D. Fla. 1987) ("Communications made by and between a client and his attorney in the rendering of professional legal services are privileged communications not subject to disclosure under the 'attorney-client' privilege. . . . Privileged communications, however, may be waived. For example, a voluntary disclosure of the asserted confidential communications by the holder waives the privilege.").[7]

    ii.    *Rivera only needs to make <u>some threshold evidentiary showing</u> for this Court to order the Government to produce the requested discovery, and this he has done.*

The Government once again asserts that "Rivera has not even attempted to provide a more robust factual basis to support his conjecture that the government must have directed PDV USA . . . to pursue litigation in the Southern District of New York against [InterAmerican], and then manipulated the conduct of those proceedings for its benefit." Response at 1–2. But Rivera only needs to make "some threshold evidentiary showing giving rise to a reasonable concern about the intertwinement" of the Government's actions in these parallel proceedings. *United States v. Kowalewski*, No. 13-cr-00045, 2014 U.S. Dist. LEXIS 165404, at *61 (N.D. Ga. Oct. 7, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 163867 (N.D. Ga. Nov. 24, 2014) (quoting *United States v. Gangar*, No. 07-cr-00010, 2007 U.S. Dist. LEXIS 84472, at *4–5 (W.D.

---

[7] There is no doubt that, absent an express agreement which no one claims exists, the government could use PDV USA's communications with it against PDV USA. They simply are not privileged.

8

Va. Nov. 15, 2007)). Again, to require Rivera to do more would be circular logic, as it cannot be that Rivera is only entitled to the evidence he seeks once he has presented that very evidence.

Regardless, the evidence Rivera has presented is concerning. Again, Exhibits A and B[8] to Rivera's Motion clearly show that the Government—including the lead prosecutor in this case—(1) has played a role in encouraging and managing the SDNY Civil Action and (2) has a cozy relationship with PDV USA. Furthermore, PDV USA has somehow avoided indictment in this criminal case despite being a major, non-FARA-registered player in the events alleged. The Government, for its part, once again insists there is nothing to see here. *See* Response at 4 ("That various prosecutors from [various Department of Justice offices] as well as members of the prosecution team in the present matter met occasionally with attorneys for CITGO Petroleum and PDV USA, which were cooperating in the government's investigations [of PDVSA], is nothing unusual and to be expected by anyone familiar with federal criminal investigations."). Perhaps that is indeed the case. And if it is, Rivera's concerns will be put to rest. But Rivera is entitled to review the discovery in question—*i.e.*, those non-privileged communications between the Government and PDV USA—so that he can verify the Government's claims of no foul play.

      *iii.*    *The Government yet again relies on strawman arguments.*

The Government argues that Rivera has "fail[ed] to assert that PDV USA instituted or pursued the SDNY Civil Action solely for the purpose of gathering evidence to provide to the government for use in the criminal case[.]" Response at 15. That is true, but it is also irrelevant. It does not matter whether PDV USA had its own reasons to sue InterAmerican; all that matters is

---

[8] The Government is correct that Exhibit B to the Motion is from 2020, and not 2022. *See* Response at 3 n.2. Nevertheless, no one disputes that the slide from the PowerPoint was included in the 2019-2020 annual report of the PDVSA Ad Hoc Board and that the slide stated that "as part of the ongoing investigations, *and with prior consultation with the Department of Justice*, we decided to sue Interamerican Consulting." Exhibit B to Motion (emphasis added).

9

that the Government encouraged, then likely managed aspects of that lawsuit. *See United States v. Melvin*, No. 14-cr-00022, 2015 U.S. Dist. LEXIS 152732, at *59 (N.D. Ga. May 27, 2015) (noting that "the SEC and the [prosecution team] must keep their investigations on parallel tracks and cannot merge them by, for example, having the SEC take actions or seek evidence solely for the benefit of or at the direction of the [prosecution team]" (quoting *United States v. Harris*, No. 09-cr-00406, 2010 U.S. Dist. LEXIS 126612, at *9 (N.D. Ga. Dec. 1, 2010)). In other words, prosecutors cannot litigate a civil action—especially one to which no government entity is a party—even if only on a part-time basis.

Likewise, the Government also asserts that the initial and superseding indictments against Rivera "were the result of a multi-year investigation that resulted in the government obtaining a large amount of electronic and other evidence . . . both before and after PDV USA filed its civil complaint . . . in the SDNY Civil Action." Response at 9. While Rivera does not dispute this assertion either, it hardly quells his concerns. After all, the Government could have both generated a significant amount of evidence on its own while *also* playing an improper role in the SDNY Civil Action to gather additional evidence or provide benefits to PDV USA in such a way that PDV USA's employees and members have become biased. Rivera, then, would still be entitled to learn more about this relationship between the Government and PDV USA.

In conclusion, Rivera again seeks the Court's assistance in obtaining any PDV USA communications with the U.S. Attorney's Office for the Southern District of Florida and/or DOJ related to (1) the present criminal prosecution (and underlying investigation) and (2) the possibility of PDV USA filing a lawsuit against Rivera and/or InterAmerican.[9]

---

[9] The full list of the specific communications sought by Rivera are set forth on page 3 of his Motion [ECF No. 266]. Should the Court be unwilling to order the production directly to

Respectfully submitted,

*/s/ Edward R. Shohat*
**Edward R. Shohat**
Florida Bar No. 152634
eshohat@joneswalker.com
**David S. Weinstein**
Florida Bar No. 749214
dweinstein@joneswalker.com
**Thomas P. Bardenwerper**
Florida Bar No. 1044458
tbardenwerper@joneswalker.com
**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 18 day of February, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward R. Shohat*
Edward R. Shohat

---

Rivera, the Court should at the very least require the Government to produce them for an *en camera* inspection.

11