UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

<u>Case No. 22-CR-20552-Damian/Torres</u>

**UNITED STATES OF AMERICA**

vs.

**DAVID RIVERA and
ESTHER NUHFER,**

      **Defendants.**
_____/

**<u>GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT
MOTION TO CONTINUE TRIAL</u>**

      The United States, by and through undersigned counsel, respectfully submits this response to defendants' motion requesting a 90-day continuance of the trial currently scheduled to begin on February 9, 2026 (DE 313), and states as follows:

      In their motion, the defendants request a 90-day continuance of the trial date for the following three reasons: (1) the ongoing news coverage of the United States' actions toward Venezuela and labelling of the government of Venezuela as a "narco-terrorist" regime will unduly prejudice the defendants' ability to select a fair and impartial jury if trial were to begin on February 9th; (2) the defendants need additional time to prepare their defense in light of the government's stated position that the government does not intend to call Secretary of State Marco Rubio, former White House advisor Kelly Anne Conway, or U.S. Congressman Pete Sessions in the government's case in chief; and (3) counsel for defendant Esther Nuhfer has just finished a lengthy trial and needs additional time to prepare Nuhfer's defense.

      First, any concern about jury prejudice from the United States' actions against Venezuela, or rhetoric involving the government of Venezuela, can be alleviated through appropriately

1

tailored *voir dire*. Questioning of prospective jurors regarding their familiarity with Venezuela, news coverage involving Venezuela, and the like, will adequately ensure that the jury is impartial and able to render a fair verdict. Further, in light of the uncertainty regarding the United States' actions toward Venezuela, concern about prospective prejudice could arise again in March, April, May, or later, and prompt yet another motion by defendants to indefinitely delay the trial in this matter. Indeed, when defendants first raised their request for a continuance with the government last month, they requested a continuance until the Fall of 2026 for the very reasons put forth in their pending motion. The government could not, and does not, agree to such a lengthy continuance.

Second, while the government disagrees that the defendants have unfairly been caught unaware or off-guard as to the government's trial strategy and decision as to what witnesses to call in its case in chief — the government, after all, can change its strategy up to the eve of trial and indeed during the trial itself — the government does agree that some continuance is warranted. In light of the defendants' trial subpoena to Secretary of State Rubio, and indicated intentions to subpoena Ms. Conway and Congressman Sessions, motion practice concerning such subpoenas is anticipated—including on whether they comport with the requirements of Federal Rule of Criminal Procedure 17 and related jurisprudence (as well as any applicable regulations issued pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), commonly referred to as "Touhy Regulations"), and whether and to what extent the Court should impose limitations on these witnesses' potential testimony. In addition, since filing their motion for a continuance, defendants have also issued a subpoena/Touhy request to Ms. Susie Wiles, the current White House Chief of Staff, which will also likely be subject to some motion practice.

In light of the complexities of this case including, but not limited to, media coverage of recent events concerning U.S.-Venezuela relations, and the above-referenced anticipated motion practice regarding defendants' Rule 17 subpoenas, in addition to the scheduling and security concerns involving the relevant witnesses, the government does not oppose — and itself requests — a 45-day continuance of trial or whatever other time period the Court believes is sufficient to efficiently proceed to trial while safeguarding against the concerns raised by the somewhat unique circumstances at issue here. Such a continuance will allow the government (which to date has itself been operating with somewhat limited resources) to fully prepare and streamline its case in chief for trial and further the interests of judicial economy and, at the same time, adequately address the defendants' concerns in this matter.

The government therefore agrees that some continuance in the trial date for this case is warranted and will be prepared to discuss these and other pertinent matters at a status conference that the government understands from defense counsel is to be set shortly.

          Respectfully submitted,

          JASON A. REDING QUIÑONES
          UNITED STATES ATTORNEY

By:    /s/ Harold E. Schimkat

          Harold E. Schimkat
          Assistant United States Attorney
          Court ID No. A5500567
          99 N.E. 4th Street, 4th Floor
          Miami, Florida 33128
          Office: (305) 961-9298
          Cell: (786) 378-4344
          Harold.schimkat@usdoj.gov

          &

David J. Ryan
Trial Attorney, National Security Division
Special Bar ID No. A5503306
District of Columbia Bar No. 888325195
950 Pennsylvania Ave., NW, Room 7700
Washington, DC 20530
Tel: (202) 353-7842
David.ryan2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                            /s/
                                                          David J. Ryan