UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-20552-Damian/Torres

UNITED STATES OF AMERICA

vs.

DAVID RIVERA and
ESTHER NUHFER,

    Defendants.
_____/

### GOVERNMENT'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR CLARIFICATION

The United States, by and through undersigned counsel, respectfully submits this Reply to Defendants' Joint Response in Opposition to the Government's Motion for Clarification (DE 351). The Government is submitting this Reply because Defendants, rather than simply addressing the relief sought in the Government's motion for clarification as to whether this Court intended the Motions Hearing set for Thursday, February 19, 2026, to be an evidentiary or non-evidentiary hearing, instead used the opportunity to submit a Response to convince the Court to hold an evidentiary hearing based on an alleged evidentiary conflict between the parties.

In doing so, however, Defendants gloss over the fact that their efforts to obtain an evidentiary hearing (and subpoena AUSA Cruz's wife to testify in the process) is based on the flimsiest of evidence, if the exhibits to their substantive moving papers can even be fairly described as evidence of anything other than Defendants desire to further delay the proceedings in this matter.

Accordingly, the Government is submitting this Reply to oppose Defendants' inappropriate efforts to convince this Court to hold an evidentiary hearing based on the present record, an issue

1

outside the scope of the Government's instant motion for clarification.

In further support thereof, the Government states as follows:

1. On January 30, 2026, Defendants filed a Joint Motion to Disqualify AUSA Cruz from this case based on what Defendants claim are actual or potential conflicts of interest regarding, in principal part, alleged financial conflicts relating to AUSA Cruz's wife (DE 327). In their initial moving papers, Defendants did not ask for an evidentiary hearing nor did they attach as exhibits any documents or other evidence to support their claims.

2. On February 6, 2026, the government submitted its response to Defendants' Joint Motion (DE 339). The government's response addressed the merits of Defendants' Joint Motion through a proffer of facts to counter Defendants baseless and unsupported allegations, but did not address the need or appropriateness of holding an evidentiary hearing, as Defendants had not raised the issue in their initial filing.

3. On February 11, 2026, Defendants filed their reply brief (DE 345). Buried on page seven of their eleven-page brief ("At the very least, an evidentiary hearing is in order.") (Reply 7, fn. 3) and page three ("after it considers the evidence laid out below, the Court must hold an evidentiary hearing on the matter"), Defendants suggested that an evidentiary hearing may be in order.

4. With their reply brief (DE 345), Defendants also included fourteen exhibits, which they now claim in their instant Response constitute "substantial documentary evidence" in support of the otherwise conclusory allegations in their initial moving papers. (Resp. 1.). Defendants provide no explanation as to why they, as the moving party with the burden of proof, waited until their reply brief to place their so-called evidence before the Court and, needless to say, by declining to include those exhibits with their initial moving papers, Defendants deprived the Government of

the opportunity to directly address the lack of merit in their filings in its response to Defendants' disqualification motion.

5. Following the Court's docket orders setting the Motions Hearing for this Thursday, Defendant Rivera's defense counsel began to immediately demand that AUSA Cruz and his wife (under threat of subpoena) appear at the Motions Hearing on Thursday, February 19, 2026, to provide sworn testimony in this matter and further demanded discovery of the Government relating to AUSA Cruz and his wife's text messages and email communications with various individuals.

6. As a result of these actions, the Government filed the instant motion for clarification as to the nature of the Motions Hearing, as the Court had not set it for an evidentiary hearing and therefore it was premature for defense counsel to be demanding discovery and issuing subpoenas in the matter. In so doing, the Government stated its objection to holding an evidentiary hearing at this juncture without first being heard on the matter by the Court.

7. Defendants then submitted their Response in "opposition" to the Government's motion in which they essentially request that this Court not clarify its prior order, but rather set this matter for an evidentiary hearing based on the exhibits submitted with their reply brief, the relevance of which is at present unrebutted by the Government due to their untimely submission to the Court.

8. Having now had the opportunity to review Defendants' so-called "substantial documentary evidence" of alleged conflicts or appearances thereof, Defendants decision to wait to disclose their evidence and their belated request for an evidentiary hearing until the filing of their reply brief is not surprising. Indeed, the evidentiary support they rely on ranges from the frivolous to the outright absurd.

9. Take for example Defendants' assertion that Ms. Cruz's employment over the years

creates an actual conflict of financial interest or the appearance of a conflict of interest. In support thereof, Defendants provide ten bullet points in their reply brief tied to Exhibits 1 through 5 of their submission, which consist primarily of some lobbying registration forms that presumably are publicly available for Ms. Cruz and Jose Felix Diaz, Ballard Partners' managing partner for its Miami office.

10. To start with the absurd, Defendants assert that two of the bullet points establish some sort of conflict based on matters relating to Titan America LLC, a rock mining company according to Defendants' filing. The Defendants allege at bullet points three and five (for those numbering the bullet points themselves) that a conflict exists or appears to exist because (a) Jose Felix Diaz was through Ballard Partners registered with Miami Dade County to lobby for Titan America in 2024 and 2025, (b) Ms. Cruz was registered with Miami Dade County as a lobbyist for Florida East Coast Railway LLC in 2024 and 2025, and (c) Titan America's "limestone and aggregate is transported by The Florida East Coast Railway." That is it—nothing more is even alleged in this regard. Yet, according to Defendants, these allegations taken at face value somehow create a financial conflict of interest (or appearance thereof) that requires disqualification of AUSA Cruz.

11. Bullet points seven and 10 are similarly deficient. They allege that in 2025 and 2026, Ms. Cruz was registered with Miami-Dade to lobby "for rock mining company White Rock Quarries" and, at the same time, Jose Felix Diaz was registered to lobby "for rock mining company Titan America." Nothing more than that. From all appearances, two lobbyists with different firms with clients who, according to their corporate names, are in the rock mining business.

12. Bullet points six and nine are of the same kind. They allege that in 2025 and 2026 Ms. Cruz was registered to lobby before the Greater Miami Expressway Authority ("GMEC") as

were Ballard Partners and Jose Felix Diaz. No additional facts are expressly alleged by Defendants regarding a conflict or appearance thereof. Rather, Defendants offer Exhibit 5 as their supporting evidence, which appears to be a lobbyist registration form for GMEX that was "last updated 11/07/25." Interestingly, Defendants' Exhibit 5 notes (in very small font size that is a bit hard to read) that Jose Feliz Diaz/Ballard Partners registered on November 13, 2023, as a lobbyist for Dell Technologies regarding "Technology Strategic planning an acquisition." In contrast, Exhibit 5 reflects that Ms. Cruz, through GLC Real Estate, registered on October 10, 2025, as a lobbyist for Reve Dadeland, LLC, for the Reve Dadeland Development. Again, nothing linking the two representations with each other or the various other lobbying firms set forth at Exhibit 5 for that matter.

13. The remaining bullet points in Defendants' reply brief are similar in kind in that they consist of nothing more than instances in which Ms. Cruz was employed by Florida East Coast Railways or was registered to lobby on its or Brightline Trains behalf at the same time that Jose Felix Diaz/Ballard Partners was registered to lobby for Florida East Coast Railways or Friends of the Underline without anything more other than Defendants' conclusory allegations that there must me something more of a connection between them implicating a financial conflict of interest.

14. Similarly, Defendants' allegations that Defendant Nuhfer and Ms. Cruz had a long-standing relationship that grew antagonistic over time are without any factual support in their moving papers. In support of their claims, Defendants submitted as Exhibit 8-10 three one-page declarations of several former employees of Miami Dade County who basically state that they worked at Miami Dade County in the early 2000's for either Commissioner Jose Pepe Diaz or as a Special Events Manager. In sum, they assert that they knew Defendant Nuhfer as an events coordinator for Miami Dade who would from time-to-time interact with Jose Pepe Diaz's office

5

and Ms. Cruz for event planning purposes roughly twenty years ago.

15. As to the antagonistic claim, Defendants attached a few emails as Exhibits 11-14 stretching from 2013 to 2020 regarding scheduling and other matters that can hardly be described with a straight face as expressing any animosity or antagonism between the two. Indeed, they appear to be nothing more than routine type emails exchanged form time-to-time between business or work acquaintances and fall far short of justifying an evidentiary hearing in this matter.

16. Based on the above, it is no wonder that Defendants only submitted their Exhibits in support of their motion with their reply brief as their so-called evidence provides no substantial or other support to justify an evidentiary hearing in this matter or any other relief short of denying their motion to disqualify AUSA Cruz. Regardless, the United States respectfully requests to be heard on this matter and fully respond to Defendants' meritless and factually deficient allegations before this Court sets an evidentiary hearing that would require sworn testimony from AUSA Cruz and his wife.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    /s/ Harold E. Schimkat
Harold E. Schimkat
Assistant United States Attorney
Court ID No. A5500567
99 N.E. 4th Street, 4th Floor
Miami, Florida 33128
Office: (305) 961-9298
Cell: (786) 378-4344
Harold.schimkat@usdoj.gov

&

>David J. Ryan
>Trial Attorney, National Security Division
>Special Bar ID No. A5503306
>District of Columbia Bar No. 888325195
>950 Pennsylvania Ave., NW, Room 7700
>Washington, DC 20530
>Tel: (202) 353-7842
>David.ryan2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> /s/ Harold E. Schimkat
> Harold E. Schimkat