UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-20552-DAMIAN

UNITED STATES OF AMERICA,

v.

DAVID RIVERA and
ESTHER NUHFER,

　　　Defendants.
_____/

## ORDER ON DEFENDANTS' JOINT MOTION TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEY ROGER CRUZ [ECF NO. 327]

**THIS CAUSE** is before the Court on Defendants, David Rivera and Esther Nuhfer's ("Defendants"), Joint Motion to Disqualify Assistant United States Attorney Roger Cruz [ECF No. 327 (the "Motion")], filed January 30, 2026.

THE COURT has reviewed the Motion, the Parties' briefing [ECF Nos. 339 and 345], and the pertinent portions of the record, including the Declaration of Maria Lievano Cruz [ECF No. 361-1], and relevant authority and is otherwise fully advised. The Court also heard argument from counsel at a hearing held on February 19, 2026. For the reasons set forth below, the Motion is denied.

## I.    RELEVANT BACKGROUND

In the Motion, Defendants argue that Assistant United States Attorney Roger Cruz ("AUSA Cruz") should be disqualified from the prosecution of this action because of alleged conflicts of interest and a personal animus against one of the members of the defense team. Mot. at 1. Specifically, Defendants assert that (1) AUSA Cruz's wife, Maria Lievano Cruz, is "currently engaged in business activities that are directly connected to Ballard Partners" —

a lobbying firm that employs multiple witnesses expected to be called to testify in this case; (2) AUSA Cruz and his wife attended a birthday party hosted by Jose "Feliz" Diaz, the managing partner of Ballard Partners' Miami office; (3) AUSA Cruz's wife has a history of adverse political interactions with both Defendants; and (4) AUSA Cruz appears to have a "strong personal animus" against Defendant Nuhfer's lead counsel, David Markus. *See* Mot. at 5–11. Defendants further argue that the "cumulative effect" of the above-listed circumstances creates a "profound appearance of conflict and compromised impartiality." *Id.* at 11.

The Government responds that Defendants' Motion fails to provide any legitimate basis to disqualify AUSA Cruz and, instead, consists of "little more than conclusory allegations, speculation, innuendo, and exaggeration." Resp. at 1. Counsel for the Government indicates that they discussed the issues raised in the Motion with their supervisors within the U.S. Attorney's Office, including the chief of the criminal division and the U.S. Attorney's Office's designated professional responsibility officer, to determine if there is an actual conflict of interest issue that might require AUSA Cruz to recuse himself from this matter. *Id.* at 2. According to the Government, after vetting the matter, it was determined that there is no actual conflict of interest, or appearance of such, to warrant AUSA Cruz's recusal from the prosecution team. *Id.*

This Court heard argument on the Motion at a hearing held on February 19, 2026, at which the Government and Defendants, David Rivera and Esther Nuhfer, appeared with counsel. At the hearing, this Court addressed the issues raised in the Motion.

As set forth on the record during the hearing, insofar as the issue regarding an alleged personal animus on the part of AUSA Cruz directed toward Defendant Nuhfer's lead counsel,

David Markus, this Court is satisfied that the representations made by the attorneys on the record are sufficient to assuage any concern that a personal animosity between AUSA Cruz and Mr. Markus might warrant disqualification. Thus, as set forth on the record, to the extent the Motion is based on this claim, the Motion fails to demonstrate a basis for disqualification.

After the hearing, the Government filed the Declaration of Maria Lievano Cruz. [ECF No. 361-1 ("Lievano Cruz Decl.")]. In the Declaration, Ms. Lievano Cruz states that she has never worked with Brian Ballard or his firm, Ballard Partners, and has no financial or economic ties to Ballard Partners and its employees. *Id.* ¶¶ 8, 14. Ms. Lievano Cruz further states that to the extent that she (and AUSA Cruz) have a personal relationship with Jose "Felix" Diaz, the managing partner of Ballard Partners' Miami Office, "it is a purely social relationship centered primarily around the fact that [their] sons have known one another since elementary school and have become friends over the years." *Id.* ¶ 11.

## II.    APPLICABLE LEGAL STANDARD

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). Prosecutors are permitted to be zealous in their prosecution of a crime. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987). However, prosecutors must be disinterested such that they may not represent the United States "in any matter in which they, their family, or their business associates have any interest." *Id.* at 803 (citation omitted). Indeed, it is improper for any officer or employee of the Department of Justice, including a United States attorney or a member of such attorney's staff, to participate "in a particular investigation or prosecution if such participation may result in a personal, financial, or political conflict of interest, or the

appearance thereof." 28 U.S.C. § 528. This is because "[a] scheme injecting a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts raise serious constitutional questions." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249–50 (1980) (citations omitted). As a result, the presence of an interested prosecutor is a fundamental error that "undermines confidence in the integrity of the criminal proceeding." *Young*, 481 U.S. at 810 (citations omitted). "Although such errors are so fundamental that prejudice need not befall [a] defendant, the defendant nonetheless must show that ***an actual conflict of interest*** is present." *United States v. Sigillito*, 759 F.3d 913, 928 (8th Cir. 2014) (citation omitted) (emphasis added). Furthermore, courts may require a stronger showing of conflict for a prosecutor than a judge. *Young*, 481 U.S. at 811.

"The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." *United States v. Bolden*, 353 F.3d 870, 878–79 (10th Cir. 2003) (internal quotation marks omitted). Courts have found such disqualification proper in only "limited circumstances[.]" *Id. See, e.g.*, *Young*, 481 U.S. 787, 807 (actual conflict of interest because appointed prosecutor also represented another party); *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (bona fide allegations of bad faith performance of official duties by government counsel in a civil case); *United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir. 1985) (prosecutor who will act as a witness at trial).

Generally, motions for disqualification of counsel are subject to strict judicial scrutiny because of the potential for abuse. *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (addressing motion to disqualify opposing counsel). The party seeking disqualification "carries a heavy burden and must satisfy a high standard of proof."

*White v. Time Warner Cable*, Civ. No. 12-00406 JMS-BMK, 2013 WL 772848, at *1 (D. Haw. Feb. 27, 2013) (citation omitted). A motion for disqualification must be supported by substantial evidence and should not be decided on the basis of general and conclusory allegations. *Id.* (citation omitted).

"When a defendant raises a credible allegation of a prosecutor's conflict of interest or other relationship that would create the appearance of an improper motivation in the prosecution," a federal court must undertake a "careful 'balancing of proper considerations of judicial administration against the United States['] right to prosecute the matter through counsel of its choice' in order to ensure that the interests of all involved are properly protected." *United States v. Vega*, 317 F. Supp. 2d 599, 602–03 (D.V.I. 2004) (quoting *United States v. Whittaker*, 268 F.3d 185, 194–95 (3d Cir. 2001)). These interests include "the defendant's right to a fair trial free from improper prosecutorial motives, the government's interest in retaining its chosen counsel, and the court's interest in protecting the integrity of the proceedings and maintaining public confidence in the judicial system." *Id.* at 603.

## III.   DISCUSSION

With the foregoing principles in mind, this Court has carefully considered the Defendants' allegations and submissions in support thereof, and the Government's points raised in response, including the Declaration of Ms. Lievano Cruz.

As set forth above and discussed on the record, the bar for disqualification of an attorney, and, in particular, an attorney for the Government in a criminal case, is high. The U.S. Attorney's Office must assure that its chosen counsel is conflict free and lacks an actual personal or financial interest in the case. This Court is of the view that the U.S. Attorney's Office should undertake to avoid the appearance of any impropriety, including an apparent

conflict of interest, in its attorneys of record in any given case. After all, the bench, the bar, and the general public do hold the attorneys for the United States to a high standard and expect them to exercise the authority granted to them by the Department of Justice with integrity.

Based on the parties' submissions, this Court finds that the Defendants have not shown that there is a basis to find that AUSA Cruz has a personal interest, either directly or through his spouse, or that AUSA Cruz has an actual conflict. This Court agrees with the Government that the Defendants' allegations are conclusory and speculative and are not sufficient to warrant any further consideration by way of an evidentiary hearing. As stated on the record, Defendants have taken a "if there's smoke, there's fire" approach to their claims regarding AUSA Cruz, but, after hearing from the parties, the Defendants fail to show that there is even smoke.

That is, the Defendants have not raised a credible allegation of AUSA Cruz's conflict of interest or other relationship that creates even the appearance of an improper motivation in the prosecution, and there is no basis to further question whether the interests of all involved here are properly protected. *See Vega*, 317 F. Supp. 2d at 602–03. This Court is satisfied that the Defendants have not shown any reason to doubt that their right to a fair trial free from improper prosecutorial motives has been compromised or that the integrity of these proceedings has been adversely affected based on AUSA Cruz's or his wife's interactions with potential witnesses, those affiliated with potential witnesses, or with the Defendants themselves. As such, the Motion is due to be denied, and an evidentiary hearing is not warranted.

## IV.   CONCLUSION

Based on the foregoing, Defendants have not shown a sufficient basis to find that the drastic remedy of disqualification of AUSA Cruz is warranted under the circumstances of this case nor that further inquiry is warranted. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Joint Motion to Disqualify Assistant United States Attorney Roger Cruz [**ECF No. 327**] is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 23rd day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record