UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA

vs.

DAVID RIVERA and
ESTHER NUHFER,

    Defendants.
    _____/

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S APPEAL OF MAGISTRATE JUDGE TORRES'S ORDER (DE 358)

This Court was very clear: To appeal Magistrate Judge Torres's well-reasoned and thorough order quashing the trial subpoena directed to Susan Wiles (DE 358), the Defendants would have to establish that his order was infected with clear error. (DE 360 at 3–4 & n.2). The Defendants' appeal falls far short of this directive, as it fails to establish even an arguable error—let alone clear error. The Court should deny the Defendants' appeal and affirm Magistrate Judge Torres's Order.

### Legal Standard

"Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* S.D. Fla. L. Mag. J. R. 4(a)(1) ("Any party may appeal from a Magistrate Judge's order determining a [non-dispositive pretrial matter] . . . . The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly

erroneous or contrary to law."). This same standard applies in both civil and criminal cases. *See* Fed. R. Crim. P. 59(a).

Clear error is an "exacting standard" that is rarely met. *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). This Court must be convinced that the magistrate judge committed a legal error that is "so clearly erroneous that we cannot construe it as a reasoned outcome." *Id.*; *see also Prior v. Neurospine Institute LLC*, 23-CV-60676, 2025 WL 3723463, at *3 (S.D. Fla. Nov. 17, 2025) (Damian, J.) ("Under the 'clearly erroneous' standard, the Court will affirm the magistrate judge's order unless the Court has a definite and firm conviction that error has occurred." (alterations accepted) (internal quotation marks omitted)). Put another way, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Cox Enters.*, 794 F.3d at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) (alteration accepted)). "In the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *Prior*, 2025 WL 3723463, at *3 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.)).

## **Analysis**

The Defendants identify what they believe are four instances of clear error in Magistrate Judge Torres's Order. (DE 366 at 1–4). These so-called "errors" are, at best, "mere disagreement[s] with a magistrate judge's ruling" which do not (and cannot) amount to clear error. *Naranjo Toloza v. Ruiz*, No. 24-CV-22033, 2024 WL 5508227, at *2 (S.D. Fla. Aug. 30, 2024) (Altonaga, C.J.).

First, the Defendants say that Magistrate Judge Torres "ignored defense's argument that the government is unfairly and arbitrarily determining which high-ranking federal officials can

2

testify in this case based on whether that testimony is expected to help or harm the government." (DE 366 at 1). This is a false equivalence. As Magistrate Judge Torres correctly explained, the party seeking compulsory process (in this case, the Defendants) must "make some plausible showing of how [the witness's] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *see also* (DE 358 at 10 (quoting *Valenzuela-Bernal*)). Since the Defendants did not meet "their burden of showing that [Ms. Wiles's] proposed testimony is essential to their defense in this case[,]" they do not have the right to compulsory process. (DE 358 at 14). The fact the Government plans to call Secretary Rubio is utterly irrelevant. There is no exception to Rule 17(c) that allows for the defense to call their own competing high-profile witness in the interest of "fairness"—the Defendants must first meet their burden under *Valenzuela-Bernal*. (*See* DE 358 at 16 ("Rule 17 subpoenas are not designed to simply 'balance the playing field' in such a haphazard manner.")).

Second, the Defendants continue to insist that the Government lacks standing to quash the subpoena because the Defendants "only seek[ ] testimony from Ms. Wiles that pertains to events preceding her appointment as the White House Chief of Staff." (DE 366 at 3). As the Court already indicated during the February 19, 2026, motion hearing, the Defendants' attempt to challenge Magistrate Judge Torres's finding on standing is not well taken and borderline frivolous. Magistrate Judge Torres explicitly considered the Defendants' position that Ms. Wiles would be providing testimony unrelated to her current capacity as Chief of Staff. (DE 358 at 6–7). Nevertheless, Magistrate Judge Torres considered the case law and (correctly) determined that the Government still has standing to quash a subpoena that concerns a person who is *currently* employed by the Government. (*Id.* at 7 (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th

3

Cir. 1982)).[1] Although the Defendants continue to insist that the *content* of Ms. Wiles's putative testimony is dispositive for standing purposes (rather than her employment), they have not provided a single case to support this position. Since subpoenaing Ms. Wiles, a current member of the Executive Branch, "infringes upon [the Government's] legitimate interests[,]" Magistrate Judge Torres did not err (let alone clearly err) in finding that the Government has standing. *Raineri*, 670 F.2d at 712.

Third, the Defendants claimed Magistrate Judge Torres relied "on outdated logistical estimates in concluding that Ms. Wiles's testimony would be too onerous for her and her office" and incorrectly found that Ms. Wiles would have to testify over a two-day period, even though "the defense subsequently stated that her testimony could be completed in 'less than one day[.]'" (DE 366 at 3–4). But Magistrate Judge Torres did not say that Ms. Wiles would be testifying for two days, he instead found that Ms. Wiles would need "to take two days of her time to testify in this case." (DE 358 at 6). This is accurate since Ms. Wiles would need to travel to and from Washington D.C. to comply with the Defendants' subpoena. Moreover, even if the Court assumes that this specific finding was erroneous, it does not amount to clear error because it does not undermine Magistrate Judge Torres's ultimate findings that: (1) the Government has standing to quash Ms. Wiles's subpoena; and (2) the Defendants failed to meet their burden to show that Ms. Wiles's testimony is material, favorable, and necessary.

---

[1] The Defendants state that "[t]he cases that the Magistrate Judge cited on this point are inapposite, and the defense will address them at the upcoming hearing." (DE 366 at 3). Of course, the Defendants have the burden to show in their papers that the Magistrate Judge committed clear error, so it is a mystery why they chose to present an incomplete argument here in lieu of presenting their "real" argument in-person (where, incidentally, the Government will not have a fair and adequate opportunity to respond).

Fourth, the Defendants insist that Magistrate Judge Torres "ignored the importance of Ms. Wiles's testimony to the defense." (DE 366 at 4). On the contrary, Magistrate Judge Torres spent a great deal of the Order discussing Ms. Wiles's putative testimony and the Defendants' theory "as to how Ms. Wiles's testimony will be material, favorable, and necessary." (DE 358 at 11). Magistrate Judge Torres nevertheless concluded that the Defendants "provide no support in this record for how her testimony might actually help their case other than to show that another entity's prior business dealings with Raul Gorrin did not involve illegal activity." (*Id.* at 12); (*see also id.* at 14–15 (finding that "[t]he Defendants' response [also] fails to meet the relevancy and necessity thresholds they must demonstrate for the Court to enforce this subpoena"). Undeterred, the Defendants' now reference certain emails ("Exhibit 1" DE 366-1) to suggest that "Ms. Wiles was the central player liaising with the first Trump White House for Ballard Partners such that she— more so than anybody else— can discuss Ballard Partners' efforts on behalf of Raul Gorrin to lobby the first Trump administration to remove Maduro" and that "Ms. Wiles—more so than any other witness—can testify to the truth behind the alleged $3.75 million payment to Communication Solutions in 2017." (DE 366 at 4).

There are two major problems with Exhibit 1. One, the Defendants *never* provided the emails comprising Exhibit 1 to Magistrate Judge Torres during the original briefing. Of course, Magistrate Judge Torres could not have clearly erred if he failed to consider evidence that was never presented to him. But, more importantly, the Defendants cannot inject new facts and arguments that could have been raised before Magistrate Judge Torres into this appeal. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009); *Wilson v. Danforth*, No. CV 316-040, 2017 WL 2345570, at *1 (S.D. Ga. May 30, 2017).

5

Two, even if this Court is inclined to consider Exhibit 1 for the first time, the emails *support* Magistrate Judge Torres's finding that Ms. Wiles's testimony would not be "relevant, material or vital to [the] defense of these factual and legal allegations." (DE 358 at 15). The Court can plainly see that Ms. Wiles's communications make up a very small portion of the total exhibit. (DE 366-1 at 15–16). Those limited communications show, just as the Government previously argued, that Ms. Wiles played a minor role as a liaison to set up an introductory meeting between AT&T and Globovision. What Exhibit 1 actually makes crystal clear is that Brian Ballard and Sylvester Lukis—not Ms. Wiles—were the Defendants' primary points of contact with Ballard Partners. Exhibit 1 does not support the Defendants' arguments on appeal (that "Ms. Wiles was the central player liaising with the first Trump White House"), and it certainly does not prove that Magistrate Judge Torres's clearly erred when he found that the Defendants did not meet "their burden of showing that [Ms. Wiles's] proposed testimony is essential to their defense in this case." (DE 358 at 14).

## Conclusion

For the foregoing reasons, the Court should deny the Defendant's appeal and affirm Magistrate Judge Torres's well-reasoned order.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  */s/ Harold E. Schimkat*
Harold E. Schimkat, AUSA
Roger Cruz, AUSA
Court ID No. A5500567
Fla. Bar No. 157971
99 N.E. 4th Street, 4th Floor

>Miami, Florida 33128
>Office: (305) 961-9298
>Cell: (786) 378-4344
>Harold.schimkat@usdoj.gov
>
>&
>
>   /s/ David J. Ryan
>David J. Ryan
>Trial Attorney, National Security Division
>Special Bar ID No. A5503306
>District of Columbia Bar No. 888325195
>950 Pennsylvania Ave., NW, Room 7700
>Washington, DC 20530
>Tel: (202) 353-7842
>David.ryan2@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>   /s/ Harold E. Schimkat
>Harold E. Schimkat
>Assistant United States Attorney