UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CR-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA

vs.

DAVID RIVERA
ESTHER NUHFER

_____/

## ESTHER NUHFER'S MOTION TO PRECLUDE
## IMPROPER CLOSING ARGUMENT

Esther Nuhfer, through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Evidence 401, 403, and the Fifth Amendment's guarantee of due process to preclude the government from arguing in closing that the payments at issue in this case were "stolen from the Venezuelan people" or constituting any equivalent appeal to the suffering of Venezuelan citizens. It should be barred. It is unsupported by the indictment, unsupported by the charges, unsupported by the evidence, and would serve solely to inflame the passions of the jury against a defendant who has never been accused of theft, fraud, or any predicate crime against any person or people.

### I.      BACKGROUND

Ms. Nuhfer is charged with a violation of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611 et seq., and related charges. The government contends that she was required to register as an agent of a foreign principal and failed to do so. She is not charged with theft. She is not charged with wire fraud, bank fraud, or any other

fraud. She is not charged with conversion of funds or misappropriation of any kind. No count of the indictment alleges that any money was wrongfully taken from any person, entity, or government.

Despite this, the government has informed defense counsel that it intends to argue in closing that the money paid to Ms. Nuhfer and her co-defendants was effectively stolen from the Venezuelan people who were suffering under a corrupt regime. This argument is legally improper and should be precluded in its entirety.

## II.   ARGUMENT

### A. This Argument Has No Bearing on the Charged Offense and Is Therefore Irrelevant.

Closing argument must be tethered to the evidence and the charges in the case. *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984) (explaining that during closing arguments the prosecutor must make "it clear that the conclusions he is urging are conclusions to be drawn from the evidence") (internal quotations and citations omitted). The government's proposed argument—that the payments at issue constituted money stolen from a suffering population—speaks to none of the elements of a FARA violation. FARA requires proof that the defendant acted as an agent of a foreign principal and willfully failed to register. 22 U.S.C. § 612. The suffering of any third party is not an element. Whether the funds were legitimately sourced is not an element. The government's theory of theft is simply not part of what the jury has been asked to decide.

Because this argument has no tendency to make any fact of consequence more or less probable, it is not relevant under Rule 401 and should be excluded on that basis alone. Fed. R. Evid. 401, 402.

### B. Even If Marginally Relevant, the Argument Must Be Excluded Under Rule 403 as Unfairly Prejudicial.

Even evidence (and argument based on evidence) that passes the relevance threshold must be excluded if "its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The government's proposed argument presents a textbook Rule 403 problem.

The phrase "stolen from the suffering Venezuelan people" is not a legal argument. It is an emotional one. It conjures images of a desperate population exploited by corrupt officials—and then invites the jury to convict Ms. Nuhfer as a participant in that exploitation. But she is not charged with any such crime. Permitting this argument would invite the jury to convict on the basis of sympathy for unnamed Venezuelan citizens rather than on the basis of the evidence relevant to the actual charge. That is precisely the danger Rule 403 is designed to prevent.

Even under the government's alleged theme of "greed," it would be outrageous for the government to improperly lure the jury to conclude that Esther Nuhfer caused further suffering to the Venezuelan people or reaped profits at the expense of the pain of Venezuelans.  This is particularly true when she is not the one who had a contract or directly received any money.

The Eleventh Circuit has long recognized that prosecutorial argument becomes improper when it diverts the jury from the evidence and the law and instead injects considerations that threaten the fairness of the trial. *See United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991) (remarks warrant relief when they "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process"); *see also United States v. Hasner*, 340 F.3d 1261, 1275 (11th Cir. 2003) ("The purpose of closing arguments is to assist the jury in analyzing the evidence."). The risk of prejudice here is not theoretical—there is no legitimate evidentiary reason to invoke the suffering of the Venezuelan people in a FARA registration case. The argument's sole function is to transform a paperwork case into a morality tale that prejudices Ms. Nuhfer by association with conduct for which she has never been charged.

### C. The Argument Constitutes an Improper Appeal to Sympathy Prohibited by the Due Process Clause.

Beyond the evidentiary rules, the Due Process Clause independently prohibits closing arguments that ask jurors to decide a case based on sympathy for a third party rather than the evidence. The Supreme Court has held that a prosecutor's improper closing argument can rise to the level of a constitutional violation when it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Calling on the jury to avenge the suffering of an entire nation's population is precisely the kind of argument that crosses this line.

Courts have long distinguished between argument that draws reasonable inferences from the evidence—entirely proper—and argument that urges the jury to

decide the case based on considerations beyond the evidence. *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("Improper suggestions, insinuations, and assertions calculated to mislead or inflame the jury's passions are forbidden in the presentation of closing arguments.").

Asking the jury to think about the Venezuelan people who were allegedly harmed by corruption within the Maduro government has nothing to do with whether Ms. Nuhfer filed a FARA registration form. It is an invitation to convict based on emotion, not law.

### D. The Argument Improperly Introduces an Uncharged Theory of Criminality.

Permitting the government to argue that Ms. Nuhfer received stolen funds would in effect allow it to prosecute a theory of criminality—knowing receipt or facilitation of theft from the Venezuelan people—that never appeared in the indictment, was never the subject of pretrial notice, and was never tried to this jury. The Fifth Amendment guarantees that a defendant may be held to answer only for the offense charged by the grand jury. *Stirone v. United States*, 361 U.S. 212, 217 (1960). Where the government's closing argument effectively supplies the jury with a theory of guilt that goes beyond the indictment, it risks a constructive amendment that is per se reversible error. *Id.*; *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990).

The government's proposed argument—that the money was stolen from ordinary Venezuelans—is precisely such a theory. It is not an argument about FARA. It is an argument about the ultimate disposition of Venezuelan state funds and the

moral culpability of anyone who received payment from the Maduro government's circle. That theory was not charged, and it cannot be smuggled into the case through closing argument.

### III.    CONCLUSION

This Court should preclude the government from arguing in closing that the payments received in this case were "stolen from the Venezuelan people" or any equivalent formulation. Such argument is irrelevant to the charged FARA violation, is substantially more prejudicial than probative under Rule 403, constitutes an improper appeal to passion and sympathy, and introduces an uncharged theory of criminality in violation of the Fifth Amendment.

David Rivera adopts this motion.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH 1
Miami, FL 33128
Telephone: (305)379-6667
Facsimile: (305) 379-6668

By:    */s/ David Oscar Markus*
David Oscar Markus
dmarkus@markuslaw.com

*/s/ Anita Margot Moss*
Anita Margot Moss