UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-20552-DAMIAN

UNITED STATES OF AMERICA,

v.

DAVID RIVERA and
ESTHER NUHFER,

     Defendants.
_____/

ORDER DENYING DAVID RIVERA'S
MOTION FOR PERMISSION TO TRAVEL [ECF NO. 484]

**THIS CAUSE** is before the Court on Defendant David Rivera's Motion for Permission to Travel to Orlando, Florida, filed on April 30, 2026. [ECF No. 484 ("Motion")].

THE COURT has reviewed the Motion, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

On November 17, 2022, a federal grand jury indicted Rivera and a co-defendant with conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Section 371, and Title 22, United States Code, Sections 612(a) and 618(a) (Count 1), with violation of FARA (Count 2), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 3), and with engaging in monetary transactions in criminally derived property, in violation of Title 18, United States Code, Section 1957 (Counts 4-8). *Id*. On December 14, 2023, the grand jury returned a Superseding Indictment against the Defendants. [ECF No. 122]. The Superseding Indictment, which is the operative charging instrument, also charges Rivera with the same violations as set forth in the original indictment as to Counts 1-8 and adds additional charges of making

false tax returns, in violation of Title 26, United States Code, Section 7206(1) (Counts 9 and 10), and attempting to evade tax, in violation of Title 26, United States Code, Section 7201 (Count 11). *Id.*

The case proceeded to trial on March 23, 2026. The parties finished closing arguments on April 29, 2026, and the jury began their deliberations that afternoon. *See* ECF No. 483. In the Motion now before the Court, Rivera seeks a modification of his current bond conditions to permit him, if the jury has not reached and returned a verdict today, April 30, 2026, to travel to Orlando, Florida, for personal family related reasons, this afternoon, after the court has released the jury from their deliberations. Rivera indicates that, if granted permission, he will depart from Miami, Florida via either Brightline or automobile and will return to Miami on the same day. The Government opposes the relief sought.

In general, a defendant's release pending trial is made "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). A person ordered released under special conditions may file a motion for amendment of their release conditions. *See id.* §§ 3142(c)(3), 3145(a)(2). In determining whether to grant such a motion, the Court is guided by the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his family ties, financial resources, community ties and past conduct; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release.

Upon consideration of the above-mentioned factors and having considered the present stage of the proceedings and the weight of the evidence against Mr. Rivera during the five-week trial, this Court finds that Mr. Rivera has not demonstrated good cause for modification of his bond conditions as requested.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Permission to Travel to Orlando, Florida [**ECF No. 484**] is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record

3