# EXHIBIT "A"

PowerNotes

| 81st Congress<br>2d Session | HOUSE OF REPRESENTATIVES | Report<br>No. 1775 |
|---|---|---|

# AMENDING THE FOREIGN AGENTS REGISTRATION ACT OF 1938 IN CERTAIN RESPECTS

MARCH 15, 1950.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. TACKETT, from the Committee on the Judiciary, submitted the following

## REPORT

[To accompany H. R. 4386]

The Committee on the Judiciary, to whom was referred the bill (H. R. 4386) to amend section 2 (a) and section 7 of the Foreign Agents Registration Act of 1938, as amended, to make failure of registration a continuing offense, and to continue the obligation of officers, directors, and persons acting as such, to comply with the act despite dissolution of a foreign agent, having considered the same, report favorably thereon without amendment and recommend that the bill do pass.

### STATEMENT

H. R. 4386 purports to amend section 2 (a) and section 7 of the Foreign Agents Registration Act of 1938, as amended, for the general purpose of making failure to register a continuing offense and to continue the obligation of officers and directors of registrable groups to comply with the act despite the dissolution of the organization.

The proposed amendment to section 2 is intended to accomplish a dual purpose. First, it will remove any doubt which may now exist that the statute of limitations will begin to run only from the last day on which an unregistered agent has acted as such within the United States. Second, it is intended to remove any doubt as to the liability of an agent to file a registration statement for the period in which he was acting as an agent and thereafter has ceased such activity. In addition, the penalty for failure to register can be made so severe that it will act as a powerful deterrent against any person acting within the United States as an agent of a foreign principal who fails to register as such.

The proposed amendment to section 7 is intended to impose upon the officers, directors, and persons acting as such of any organization

**2**    AMENDING FOREIGN AGENTS REGISTRATION ACT OF 1938

or group liable to register the continuing obligation of complying with the Foreign Agents Registration Act despite the dissolution of the foreign agent or its purported reorganization.

These proposals were first urged upon the Congress by Attorney General Clark in testifying in February 1948 before the Committee on Un-American Activities of the House of Representatives.   As the Attorney General said on that day in another connection, this legislation will assist in the administration and enforcement of the Foreign Agents Registration Act by bringing into the spotlight of publicity the activities of individuals and groups required to register under the terms of that act.

In submitting the proposal for H. R. 4386 to the Congress the Attorney General declared in his letter to the Speaker of the House on April 12, 1949, that the act as it reads at the present time leaves room for doubt as to whether the statute of limitations against prosecution of an agent for failure to comply with the registration provisions of the act commences to run from the time on which he was first required to register or from the last day on which such unregistered agent has acted.   Doubt has also arisen as to the liability of an agent to file a registration statement for the period during which he was acting as an agent of a foreign principal if he has since ceased such activity.   The experience of the Foreign Agents Registration Section has been that several instances have occurred in which an unregistered agent has resisted registration on the ground that his agency had terminated prior to the time when the Department was demanding his registration.   In the last few months alone at least three such cases have occurred and the Department is now considering the evidence as to prosecution in these cases.   The passage of H. R. 4386 would, the committee believes, remove all doubt as to the registrability of these groups.

It is believed, likewise, that the Foreign Agents Registration Act would be considerably strengthened by the second proposal contained in H. R. 4386 to amend section 7 of the act in order to provide that the dissolution or other attempted reorganization of an agent, which is not an individual, shall not avoid the liability of the persons performing the functions of officers or directors to file registration statements.

In short, therefore, the proposed legislation is designed primarily to clarify existing doubts in the Foreign Agents Registration Act and would strengthen the hand of the Department of Justice in its effort to prosecute violations of the act as part of its campaign in combating the activities of subversive groups and individuals insofar as these come within the purview of this disclosure statute and thus better to effectuate the purposes of the Congress in enacting the Foreign Agents Registration Act.

The bill was introduced at the request of the Department of Justice which, through its Assistant to the Attorney General, directed the following letter to the Speaker on April 12, 1949:

DEPARTMENT OF JUSTICE,
*Washington, April 12, 1949.*

The SPEAKER, HOUSE OF REPRESENTATIVES,
*Washington, D. C.*

MY DEAR MR. SPEAKER: The Department of Justice recommends the amendment of the Foreign Agents Registration Act (56 Stat. 248, 22 U. S. C. 611 et seq.).

In its present form, section 2 of the act provides for registration with the Attorney General of all persons acting as agents for foreign principals. However, as the section presently reads there is room for doubt as to whether the statute of limitations against prosecution of an agent for failure to comply with the registration provisions of the act commences to run from the date on which he was first required to register or from the last day on which such unregistered agent has acted. Doubt has also arisen as to the liability of an agent to file a registration statement for the period during which he was acting as an agent of a foreign principal if he has since ceased such activity. This Department has encountered several instances of an unregistered agent's resisting registration on the ground that his agency had terminated prior to the time when the Department was demanding his registration. Clarification of the intendment of the section on these questions is considered desirable.

Section 7 of the act relates to the liability of officers, directors, or persons performing the functions of officers or directors, of an agent of a foreign principal to cause the filing of registration statements. It is believed that the act would be considerably strengthened by amending this section to provide that the dissolution or other attempted reorganization of an agent which is not an individual shall not avoid the liability of the persons performing the functions of officers or directors to file registration statements.

A proposed bill designed to effectuate the desired purposes is submitted for your consideration.

The Director of the Bureau of the Budget has advised that there is no objection to the submission of this recommendation.

Yours sincerely,

PEYTON FORD,
*The Assistant to the Attorney General.*

A BILL To amend section 2 (a) and section 7 of the Foreign Agents Registration Act of 1938, as amended, to make failure of registration a continuing offense, and to continue the obligation of officers, directors, and persons acting as such, to comply with the Act despite dissolution of a foreign agent

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the first paragraph of section 2 (a) of the Foreign Agents Registration Act of 1938, entitled "An Act to require the registration of certain persons employed by agencies to disseminate propaganda in the United States and for other purposes," approved June 8, 1938, as amended (56 Stat. 248), is amended to read as follows:

"SEC. 2. (a) No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto as required by this section 2 (a) and section 2 (b) hereof or unless he is exempt from registration under the provisions of this Act. Except as hereinafter provided, every person who is an agent of a foreign principal on the effective date of this Act shall, within ten days thereafter and every person who becomes an agent of a foreign principal after the effective date of this Act shall, within ten days thereafter, file with the Attorney General, in duplicate, a registration statement, under oath, on a form prescribed by the Attorney General, of which one copy shall be transmitted promptly by the Attorney General to the Secretary of State for such comment, if any, as the Secretary of State may desire to make from the point of view of the foreign relations of the United States. Failure of the Attorney General so to transmit such copy shall not be a bar to prosecution under this Act. *The obligation of an agent of a foreign principal to file a registration statement shall, after the tenth day of his becoming or acting as such agent, continue from day to day, and discontinuance of such activity shall not relieve such agent from his obligation to file a registration statement for the period during which he acted within the United States as an agent of a foreign principal.* The registration statement shall include the following, which shall be regarded as material for the purposes of this Act:"

SEC. 2. Section 7 of such Act is amended to read as follows:

"SEC. 7. Each officer, or person performing the functions of an officer, and each director, or person performing the functions of a director, of an agent of a foreign

**4**   AMENDING FOREIGN AGENTS REGISTRATION ACT OF 1938

principal which is not an individual shall be under obligation to cause such agent to execute and file a registration statement and supplements thereto as and when such filing is required under sections 2 (a) and 2 (b) hereof and shall also be under obligation to cause such agent to comply with all the requirements of sections 4 (a), 4 (b), and 5 and all other requirements of this Act.   *Dissolution of any organization acting as an agent of a foreign principal shall not relieve any officer, or person performing the functions of an officer, or any director, or person performing the functions of a director, from complying with the provisions of this section.*   In case of failure of any such agent of a foreign principal to comply with any of the requirements of this Act, each of its officers, or persons performing the functions of officers, and each of its directors, or persons performing the functions of directors, shall be subject to prosecution therefor."

O