UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-20552-DAMIAN

UNITED STATES OF AMERICA,

v.

DAVID RIVERA,

      Defendants

_____/

## ORDER ON MOTION TO SET BAIL PENDING SENTENCING [ECF NO. 520]

**THIS CAUSE** is before the Court on Defendant, David Rivera's ("Rivera" or "Defendant"), Motion to Set Bail Pending Sentencing, filed May 19, 2026. [ECF No. 520 ("Motion")].

THE COURT has reviewed the Motion, the Government's Response [ECF No. 540], the Reply [ECF No. 544], the pertinent portions of the record, and relevant authority and is otherwise fully advised. The Court also heard argument from counsel at a Motion Hearing held on June 11, 2026. *See* ECF No. 545. For the reasons discussed below, this Court finds that the Motion is due to be denied.

### I.    RELEVANT BACKGROUND

On May 1, 2026, following a six-week trial, a federal jury in this District convicted David Rivera on seven counts of the Superseding Indictment against him, including conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Section 371, and Title 22, United States Code, Sections 612(a) and 618(a) (Count 1), violation of FARA (Count 2), conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 3), and engaging in

monetary transactions in criminally derived property, in violation of Title 18, United States Code, Section 1957 (Counts 4–5, 7–8). *Id.* [ECF No. 488]. After the verdict, and pursuant to the provisions of 18 U.S.C. § 3143(a), this Court remanded Rivera into the custody of the U.S. Marshal pending his sentencing, which is currently scheduled for July 20, 2026. *See* ECF No. 487.

The Superseding Indictment sets forth in detail the conduct underlying the alleged conspiracies and substantive violations of federal FARA regulations and money laundering statutes. The evidence at trial showed that Rivera engaged in political activities in the United States on behalf of the Government of Venezuela, and by representing the interests of the Government of Venezuela, before officials of the United States Government in an effort to influence United States foreign policy towards Venezuela, and to conceal these efforts by failing to register under FARA as an agent of the Government of Venezuela and by creating the false appearance that he was providing consulting services to an American entity, PDV USA. The evidence also showed that in exchange for his and his co-conspirators' conduct on behalf of the Venezuelan Government, Rivera received significant funds from entities associated with the Venezuelan Government and used those funds to, among other things, purchase real estate and other assets.

On May 19, 2026, Rivera filed the Motion now before this Court, requesting that the Court release him from custody pending sentencing. [ECF No. 520]. The Government filed a Response on June 2, 2026 [ECF No. 540], and, on June 9, 2026, Rivera filed a Reply. [ECF No. 544]. The Motion is fully briefed and ripe for adjudication. In addition, as indicated above, the parties appeared before the undersigned on June 11, 2026, to be heard on the Motion.

## II.   LEGAL STANDARDS

### A.   The Standard For Release Pending Sentencing.

The provisions of 18 U.S.C. § 3143(a), which govern the release of a convicted defendant pending sentencing, create a presumption in favor of detention. *See e.g.*, *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("[T]he Bail Reform Act of 1984 creates no general expectation of post-verdict liberty. To the contrary, it establishes a presumption in favor of detention."); *United States v. Giancola*, 754 F.2d 898, 902 (11th Cir. 1985) (Under the Bail Reform Act, "the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption."). To overcome that presumption, a defendant must show with "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

### B.   The Standard For Reconsideration.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011). "In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion." *United States v. Marcelina Orozco*, 2020 WL 3963719, at *1 (S.D. Fla. July 13, 2020) (Bloom, J.). As in civil cases, "there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *United States v. Razz*, 387 F. Supp. 3d 1397, 1402 (S.D. Fla.

2019) (cleaned up) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

"A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). The Eleventh Circuit has cautioned that "permit[ting] the unlimited renewal or reconsideration of fully decided motions would needlessly tie up judicial resources and seriously delay the final disposition of cases." *United States v. Gupta*, 363 F.3d 1169, 1174 (11th Cir. 2004). For this reason, courts have recognized that "[r]econsideration is an 'extraordinary remedy' that should be 'employed sparingly.'" *Marcelina Orozco*, 2020 WL 3963719, at *1 (quoting *Burger King Corp.*, 181 F. Supp. 2d at 1370).

## III.   DISCUSSION

At the outset, and as further stated on the record at the June 11, 2026 Motion Hearing, Rivera's Motion is not properly before this Court under the standards governing motions for reconsideration. As set forth above, "the grounds for granting a motion for reconsideration are limited" and justified only by "extraordinary circumstances." *United States v. Brown*, No. 24-12060, 2025 WL 3034221, at *5 (11th Cir. Oct. 30, 2025) (quoting *United States v. Russell*, 994 F.3d 1230, 1243 n.4 (11th Cir. 2021) (Branch, J., concurring)). In the Motion, Rivera asks this Court to revisit his entitlement to bail pending sentencing, however, Rivera does not point to new evidence or the need to correct clear error or prevent manifest injustice. Nor does he assert that there has been an intervening change in controlling law since he was remanded

following the jury's verdict. Notwithstanding the foregoing, this Court has considered the merits of Rivera's Motion.

The Government does not argue, and nothing in the record supports, that Rivera is a danger to the community and, therefore, this Court focuses on Rivera's potential risk of flight when considering whether to release him.

In support of his release pending sentencing, Rivera proposes a bond package supported by ten co-sureties who collectively offer in excess of $5,000,000 in real property and an additional $2,000,000 10% bond secured with $200,000 to be paid into the Court registry, for a total bond of $7,000,000.[1] Mot. at 3. Rivera argues that the bond proposal, along with additional proposed special conditions set forth in the Motion, establishes by clear and convincing evidence that he is not likely to flee. *Id.* Rivera also points to his family ties, including two children, an ongoing battle with cancer, and diminished financial resources as further support that he has met his burden, under 18 U.S.C. § 3143(a)(1), of establishing by clear and convincing evidence that he is not likely to flee pending sentencing. *Id.* at 4–5.

In its Response, the Government argues that Rivera has failed to proffer sufficient facts to establish by "clear and convincing evidence" that he is not likely to flee if released from custody prior to sentencing. Resp. at 1. Specifically, the Government argues that the following five considerations establish that Rivera is a flight risk: (1) the nature of Rivera's conviction and potentially lengthy sentence in this matter; (2) Rivera's substantial ties to foreign individuals with substantial wealth and resources; (3) Rivera's conduct in the underlying case,

---

[1] At the hearing, the undersigned pointed out that nearly all security offered in support of the bond appeared to be homestead property and questioned whether Rivera would be willing to engage the services of a bondsman or secure a corporate surety bond, to which his attorneys responded that he would.

including engaging in deceptive and fraudulent behavior to conceal the nature of his actions; (4) additional pending criminal proceedings, including a pending indictment in Washington, D.C., for FARA violations and the pending tax fraud counts in this matter; and (5) Rivera's financial status and evidence of offshore assets, as reported in sworn filings submitted to the Florida Division of Elections, including real property in Mexico, a bank account in Mexico worth $10,000, a bank account in Taiwan worth $100,000, and a bank account in Haiti worth $50,000. *See* Resp. at 3–11.

The undersigned has thoroughly and carefully considered the parties' arguments and submissions. At the outset, this Court acknowledges and accepts Rivera's strong family and community ties, as evidenced by all the letters submitted by reputable members of the South Florida community in support of his Motion, as well as the presence of many members of the community who appeared in person at the June 11 Hearing in support of Rivera. Nevertheless, Rivera has not satisfied his burden of showing by clear and convincing evidence that he does not pose a serious risk of non-appearance if released pending his sentencing. While Rivera was compliant with the terms and conditions of his pretrial release, the circumstances have dramatically changed since the jury's guilty verdict on all counts of the Superseding Indictment that were tried to the jury, as Rivera now faces the very real prospect of a lengthy prison sentence. *See United States v. Lewis*, 2020 WL 626294 at *3 (S.D. Fla. 2020) (Altman, J.) (finding that the "very real prospect of spending the next five to eleven years in prison would give anyone second thoughts about staying put").

The nature of the charges in the instant case and the evidence at trial, including testimony of several witnesses regarding Rivera's deceptive conduct, demonstrated a pattern of deceitfulness. The Government has highlighted numerous other unrebutted considerations

in its Response [ECF No. 540] that weigh heavily against Rivera's argument that he does not present a flight risk.

This Court, in particular, notes that Rivera is facing criminal charges in a pending indictment in Washington, D.C., also based on deceptive conduct and the receipt of significant funds, and he is facing a pending civil case in New York in which the plaintiff is seeking repayment of more than $20 million from Rivera's consulting company. Moreover, as the evidence demonstrated at trial, Rivera has notable connections to the country of Venezuela, including ties to an indicted alleged co-conspirator, Raul Gorrin, who remains a fugitive, and the acting president of the country of Venezuela.[2] While on pretrial release, Rivera filed several motions requesting permission to travel abroad, including to Venezuela and Spain, to meet with individuals allegedly seeking assistance with government elections. Lastly, there exists a lack of clarity surrounding Rivera's potential overseas financial assets and potential ownership of real estate held in family members' names.

At bottom, this Court has carefully considered all of the information and evidence identified by the parties. The undersigned appreciates the willingness of so many members of the community to come forward and offer their support, including financial support, for Rivera. The undersigned has not overlooked the fact that Rivera fully complied with the conditions of pretrial release. But, on balance, the evidence and information available to this Court weigh much more heavily toward the risk that Rivera will not appear for future court hearings, including his sentencing, which is 4 weeks from now. And considering the burden

---

[2] While Rivera's counsel insists that Rivera is now *persona non grata* in Venezuela, that was essentially his story at trial, which the jury rejected, so it is not at all clear that he does not maintain ties to high-ranking Venezuelan government officials and/or influential and wealthy Venezuelan nationals.

is Rivera's, and it is a high burden at that, this Court finds that Rivera has not overcome the presumption nor shown by clear and convincing evidence that he is not a flight risk.

For these reasons, this Court finds the Motion is due to be denied.

### IV.   CONCLUSION

For the reasons set forth above, this Court finds that Rivera has not met his burden by clear and convincing evidence that he is not a flight risk if released pending sentencing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Set Bail Pending Sentencing [**ECF No. 520**] is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 18th day of June, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record