# Exhibit B

H.R. 4386

House of Representatives,
Subcommittee No. 4 of the Committee
on the Judiciary,
Washington, D. C.,


Wednesday, March 8, 1950.

1

**H. R. 4386**

(A bill to make failure of registration a continuing offense under the Foreign Agents Registration Act.)

> House of Representatives,
> Subcommittee of the Committee
> on the Judiciary,
> Washington, D. C.,
> Wednesday, March 8, 1950.

The committee, after consideration of H.R. 4452, proceeded to consideration of H.R. 4386.

- -

Mr. Tackett.  We will consider now H.R. 4386, which at this point will be inserted in the record.

(H.R. 4386 is as follows:)

Mr. Tackett.  I wish you would just briefly explain what this bill is.

STATEMENT OF WILLIAM E. FOLEY, CHIEF, FOREIGN AGENTS REGISTRATION SECTION, DEPARTMENT OF JUSTICE (Accompanied by: Nathan B. Lenvin, Attorney in Foreign Agents Registration Section).

Mr. Foley.  Yes, sir.  The Foreign Agents Act, as you gentlemen of course know, is the act that was passed in 1942 to require agents of foreign principals to register with the Department of Justice and file with the Department copies of propaganda as it is defined in the act -- pamphlet literature which these agents disseminate.

In 1938 the act provided that the registration and administration of the act would be with the State Department. Since 1942 it has been in the Department of Justice, both administration and enforcement of the act.

The proposed bill here amends the act in two ways.  It makes failure to register a continuing offense so that it makes it a day-to-day offense, so that the last day on which a person acts as a foreign principal's agent is the day on which the statute of limitations will begin to run.

The act as it stands is not clear on that basis and we have requested this amendment in order to make certain of the fact that the statute will not begin to run until the last day on which a person acts in the United States for a foreign principal.

3

Mr. Boggs.  Could I interrupt you?

Mr. Foley.  Yes, sir.

Mr. Boggs.  Could you give us an exact example right on that point there?

Mr. Foley.  Yes, sir, we have had an example -- in fact, we have had several examples.

We had, for example, an organization known as the Veterans of the Abraham Lincoln Brigade.  That is an organization which the Attorney General has designated as a Communist organization.

It operated -- it still operates in this country, but for a time it operated and we thought we could prove it did, anyway, on behalf of the Federation of Trade Unions, a Communist federation that was operating in France with the expressed objective of installing a Communist regime in Spain.

The members of this Veterans of the Abraham Lincoln Brigade furnished money to the group abroad, that is, the veterans of the brigade of the United States -- and I am not sure if Mr. Lenvin will support me here but I think also in the transmittal of information.

Mr. Lenvin.  Information and funds to support generally the underground movement in Spain with headquarters directly across the border in France.

Mr. Foley.  That was the Communists in Spain.  We wrote the organization as we do anyone, telling them of the obliga-

tions of the act for furnishing the necessary statements they were to file.

They immediately, as far as we could tell, ceased any activities on behalf of the group abroad and then refused to register with us, saying it was all past activity.  Now, in that instance --

Mr. Boggs.  They severed their relations with the foreign home office or organization.

Mr. Foley.  That is correct.

Mr. Boggs.  And then they just said, "We are operating as a local on our own"?

Mr. Foley.  As a domestic group.

Mr. Boggs.  As a domestic group.  Then, this would not apply to them, would it?  There would not be any offense?

Mr. Tackett.  Yes.

Mr. Foley.  Yes.  This would make it clear that during the period in which they did operate they were liable to register and they would still have to file a registration statement covering the period in which they did operate.

Mr. Tackett.  And they would be subject to penalty. In other words, the statute of limitations would not operate until the last day they severed relations.

Mr. Foley.  That is correct, so we would have the three-year period from the time in which they severed relations in which to require them to register or bring suit.

Mr. Tackett. What is the second portion?

Mr. Foley. The second portion makes the officers and directors of an organization for failing to register even though the organization dissolves.

Mr. Tackett. Makes them personally liable.

Mr. Foley. Makes them personally liable for failing to make registration.

Mr. Willis. At the last Session of Congress we had before us a bill we passed that called for the enactment of an internal security measure.

Mr. Foley. Yes, sir.

Mr. Willis. And I remember going with the chairman and subchairman of the Judiciary Committee before the Rules Committee to get a ruling on that; and some phases of that bill jibed with the registration bill. I do not know the effect it had.

Mr. Foley. I wanted to mention that to you, sir. That is H.R. 4703, and the Attorney General wanted me to be very specific in saying that in proposing this bill before you now, he was not in any way intending to withdraw his support from H.R. 4703. On the contrary, he very much favors the so-called internal security bill.

Mr. Tackett. Are you representing the Attorney General's Office or the State Department?

Mr. Foley. The Attorney General.

6

Mr. Willis.  Let me ask you this.  If this bill were passed it will not necessitate rewording the internal security bill in any way, would it?

Mr. Foley.  The only way it would affect it is one clause in the internal security bill, which is clause 3(b). Clause 3(b) is intended to accomplish one of the things this bill before you is intended to accomplish.

It makes it a day-to-day obligation of an agent to register.  Now, it was suggested in the Senate Judiciary Committee when a hearing was held on a similar bill that if this bill before younow was passed and later you took up the internal security bill, it would be possible by motion on the Floor, to strike merely that one section covered by the broader bill 4386.

Mr. Willis.  What is that section, so the record will show specifically?

Mr. Foley.  It is section 3(b)(e) of H.R. 4703.  It is very brief and if I may, possibly it would be wise to read it so you may be clear what it is:

"Failure to file any such registration statement or supplements thereto as is required by either section 2(a) or section 2(b)" -- that is, of the Foreign Agents Act of 1938 -- "shall be considered a continuing offense for as long as such failure exists, notwithstanding any statute of limitation or other statute to the contrary."

6

Mr. Willis. Let me ask you this. If this bill were passed it will not necessitate rewording the internal security bill in any way, would it?

Mr. Foley. The only way it would affect it is one clause in the internal security bill, which is clause 3(b). Clause 3(b) is intended to accomplish one of the things this bill before you is intended to accomplish.

It makes it a day-to-day obligation of an agent to register. Now, it was suggested in the Senate Judiciary Committee when a hearing was held on a similar bill that if this bill before younow was passed and later you took up the internal security bill, it would be possible by motion on the Floor, to strike merely that one section covered by the broader bill 4386.

Mr. Willis. What is that section, so the record will show specifically?

Mr. Foley. It is section 3(b)(e) of H.R. 4703. It is very brief and if I may, possibly it would be wise to read it so you may be clear what it is:

"Failure to file any such registration statement or supplements thereto as is required by either section 2(a) or section 2(b)" -- that is, of the Foreign Agents Act of 1938 -- "shall be considered a continuing offense for as long as such failure exists, notwithstanding any statute of limitation or other statute to the contrary."

7

Now, that makes it a continuing offense, of course; but H.R. 4386 has a little more in it, and we think it would make clearer in the administration of the act, not only in the question of prosecution but we found in conferring with people about the obligations under the act that they have taken the attitude that the act is not clear as to their obligation to file for past activity.

If we could point out to them in the act such a provision as is suggested here we would have a lot stronger hand in dealing with them across the table in trying to point out their obligations.

Mr. Willis. Then if the bill 4386 should be passed before the other bill -- what is that number?

Mr. Foley. 4703.

Mr. Willis. Then you would delete from H.R. 4703 that section that you just read. Now, suppose the reverse happens, suppose the other bill passes. This would not hurt anything then, would it?

Mr. Foley. It would not hurt any, it would merely say the same thing twice in different words.

Mr. Zinn. Would it be desirable then to amend this bill just to have an additional section which would delete from public law under 4703 that subsection 4(b)?

Mr. Foley. Provided 4703 were first passed?

Mr. Zinn. Provided H.R. 4703 were enacted first, it

would probably be desirable when considering this bill to insert an amendment to the public law that had been enacted.

Mr. Foley.  Yes, I think it would, because otherwise there would be this duplication.  It might make some confusion.

Mr. Willis.  Might bring about lawsuits or long-drawn out litigation.

Mr. Tackett.  Suppose H.R. 4703 passed first, it would not hurt anything for this bill to have a new section repealing that portion of 4703 that is duplicated by 4386, would it?

Mr. Foley.  No, probably it would be a good idea, as a matter of fact, for the reason of avoiding duplication.

Mr. Zinn.  And it might be desirable to point out the reason, that we feel it is governed by this bill, and is not because of a change of heart.

Mr. Boggs.  What is the status of that bill?

Mr. Willis.  Off the record.

(Discussion off the record.)

Mr. Foley.  I want to emphasize again, in supporting H.R. 4386 the Department of Justice in no way withdraws its support of H.R. 4703; quite the contrary.

Mr. Ramsey.  If the other bill comes up first, why not amend it as this bill and take care of it in that way?

Mr. Foley.  That would be satisfactory, but we feel that the broader bill here, H.R. 4386, is more desirable than the brief section in H.R. 4703, because it does accom-

plish two things rather than just one.

Mr. Tackett.   Is there any testimony -- off the record.

(Discussion off the record.)

Mr. Tackett.   Are there any other statements to go in the record?

Mr. Foley.   I would like for my prepared statement to go in the record.

Mr. Tackett.   Yes.

(The statement referred to is as follows:)